[No. 20396.   Department One.   May 2, 1927.]

ALBERT L. SMITH, *Respondent,* v. ROADBUILDERS EQUIP-
MENT COMPANY, *Appellant.*[1]

[1] DAMAGES (12, 13)—SALES (165)—BREACH OF WARRANTY—NAT-
URAL OR CONTEMPLATED CONSEQUENCES.  Upon breach of a war-
ranty that a rock crusher would produce ten yards per hour
of rock, sold to be used on certain Federal work to be completed
within a limited time, special damages in the sum necessarily
expended in the employment of extra shifts, in order to com-
plete the work within the time limit, may be recovered as rea-
sonably within the contemplation of the parties at the time of
the sale (FULLERTON, J., dissenting).

[2] SALES (164)—WARRANTY—EVIDENCE—ADMISSIBILITY.  In such a
case, evidence is admissible that the seller's representative was
informed of the character of the rock, for the purpose of show-
ing the contemplated use, and the resulting extra expense in
case it failed to produce the guaranteed amount of rock.

[3] DAMAGES (26)—MITIGATION—DUTY TO REDUCE DAMAGE.  In such
a case, there was no failure of the buyer to minimize his dam-
ages by the purchase of another rock crusher, where that would
have involved delay, the season was closing, and he was obli-

[1]Reported in 255 Pac. 657

gated to supply a large amount of rock within a specified time or suffer a penalty.

Appeal from a judgment of the superior court for Spokane county, Witt, J., entered July 27, 1926, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*White & Cunningham* and *T. T. Grant,* for appellant.

*Williams & Cornelius,* for respondent.

MAIN, J.—The purpose of this action was to recover damages for the breach of an express warranty made in connection with the sale of a rock crusher. The cause was tried to the court without a jury and resulted in findings of fact, conclusions of law and a judgment sustaining a recovery in the sum of $1,430, from which the defendant appeals.

On July 26, 1924, the appellant sold to the respondent a Telsmith reduction type rock crusher by conditional sale contract. The purchase price was $3,175 of which $1,000 was paid at the time of the execution of the contract. The subsequent payments were evidenced by promissory notes, the first of which became due September 14, 1924. The contract contained this clause:

"Guaranteed to produce ten yards per hour of rock that will pass through a one inch ring; feeding material from a number eight McCully crusher or a crusher of equal size. . . . "

At the time of the sale of this crusher, the respondent had already set up the other units of a rock crusher in a quarry near Hope, Idaho. The crusher as set up had a McCully crusher such as is referred to in the warranty. This was a breaker or what is called a primary crusher, and the rock, after leaving it, passes over a screen and the portion which does not pass through the screen is then fed to the secondary, or reduction, crusher. It was this latter crusher that was the subject

of the contract and of the guaranty that it would pro-
duce ten yards per hour of rock.  At the time the sale
was made, the respondent had a contract with the Fed-
eral government to furnish a large amount of crushed
rock for a road, and by the terms of the contract, all the
rock was to be furnished prior to October 1, 1924, with
a penalty for delay.  Before making the sale, a repre-
sentative of the appellant visited the quarry where the
other units of the crusher were set up, and saw the con-
ditions under which it was to work and the character
of rock that was to be used.  After the crusher was set
in operation, the reduction crusher failed to produce
ten yards per hour of rock and, in order to finish his
contract within the time limit, the respondent was re-
quired to work the crusher plant with extra shifts at
night for a part of the time.  He kept track of the ex-
pense involved in the operation of the extra shifts, and
it was this sum for which the judgment was entered.
No payments were made on any of the notes, and after
the contract which the respondent had with the Federal
government had been performed, the appellant repos-
sessed the reduction crusher.  The contract contained
a provision that, in the event of forfeiture, all sums
paid thereon should be ''retained by the vendor as rent
for the use of said personal property.''

The first question is, whether the failure of the
reduction crusher to produce ten yards per hour was
due to the character of the rock that was in contempla-
tion and which was used, or was due to failure to prop-
erly set up, equip and operate the plant.  Upon this
question, the evidence is directly conflicting.  The wit-
nesses testifying on behalf of the respondent say that
the rock, when it passed over the breaker or primary
crusher, was of a character which caused it to tend to
break into slabs or strips and this was the cause of the

failure to produce the ten yards per hour. The appellant's witnesses testified that the failure of the crusher to meet the requirements of the guaranty was due to certain defects in the plant other than the reduction crusher and to the operation of the plant. The trial court found the facts to be as contended for by the respondent and that the reason the reduction crusher did not produce as guaranteed was due to the "character of the rock." After considering all the evidence offered by the respective parties, we are of the opinion that the trial court correctly weighed the evidence.

[1] The next question is whether the correct measure of damages was applied. The general rule is, for breach of warranty, such damages may be recovered as can be fairly and reasonably said to arise naturally out of the breach according to the usual course of things and such as can be reasonably considered to have been in contemplation of both parties as the probable result thereof. *Puget Sound Iron & Steel Works v. Clemmons,* 32 Wash. 36, 72 Pac. 465. Within this rule, special damages may be recovered when they can be said to be reasonably within the contemplation of the parties and are the proximate and actual result of the breach. In *Hausken v. Hodson-Feenaughty Co.,* 109 Wash. 606, 187 Pac. 319, a tractor had been sold by the defendant to the plaintiff and, at the time of the sale, the seller was informed of the work which the purchaser intended to accomplish by use of the tractor, and it was there held that the plaintiff could recover special damages that he had been put to in providing other equipment to do the work for which he had purchased the tractor. That case is very much like the present, and if the plaintiff there was entitled to recover the additional expense that he had been put to by reason of the failure of the

tractor to perform as it was warranted to do, it would seem to follow that the respondent here is entitled to recover under similar facts the same character of special damages.

[2] The evidence offered as to the representative of the appellant visiting the quarry prior to the sale, and being informed as to the character of rock that was to be used, was introduced not for the purpose of varying or modifying the written guaranty, but for the purpose of showing the use to which the reduction crusher was to be put and, if it failed to produce as guaranteed, to show that the extra expense which the respondent would be put to in performing his contract with the government was within the contemplation of the parties. The case of *Long v. Five-Hundred Co.*, 123 Wash. 347, 212 Pac. 559, is upon different facts and the question of special damages was not there discussed.

[3] Finally, it is contended that the respondent, in using the crusher until October 1, 1924, or until his contract with the government had been performed, did not minimize his damages as he was required to do. He was obligated under his contract to supply a large amount of rock of a certain fineness within a specified time and, if he failed, was subject to a penalty. The season was fast approaching when operations would necessarily cease in that locality. To have attempted to get another reduction crusher would have involved delay and expense. Under the circumstances, we think it should not be said that the respondent should be denied a recovery, because he did not exercise the proper degree of care to minimize the damage.

The judgment will be affirmed.

MACKINTOSH, C. J., MITCHELL, and FRENCH, JJ., concur.

FULLERTON, J. (dissenting)—In my opinion the trial court applied a wrong measure of damages. I cannot therefore concur in the conclusion reached by the majority.