## CIRCUIT COURT OF BATH COUNTY

L. B. Smith, Inc.

    v.

Wiley N. Jackson Co., Inc., and
Robertson-Fowler Co., Inc.,
joint venturers trading
and doing business as Jarfo

Case No.  324-L

By JUDGE ROSCOE B. STEPHENSON, JR.

May 7, 1975

I have before me L.B. Smith's demurrer to and motion to strike Paragraphs 3, 4 and 5 of Jarfo's counterclaim and its motion for summary judgment for the amount claimed in its motion for judgment. I must overrule all three pleadings.

In my judgment it would be premature of me to do otherwise since issues exist which require an evidentiary hearing.

While I overrule Smith, I feel that certain observations, which to me are rather apparent, should be made at this time as guides at trial.

1. Smith's disclaimer of any warranties and representations save those made by the manufacturers appears to be ineffective because it is not conspicuous. Code Sections 8.2-316(2), 8.1-201(10), *Lacks* v. *Bottled Gas Corp.*, 215 Va. 94 (1974).

2. The exclusionary clause in the purchase order, relied upon by Smith, has restricted Jarfo's remedies by eliminating anticipated profits and incidental or consequential damages; unless Jarfo, upon whom the burden rests, can show that this exclusionary clause is unconscionable. Code § 8.2-719(3).

3. In commercial transactions, such as exists here, a finding that an exclusion is unconscionable is rare. *County Asphalt, Inc.* v. *Lewis Welding & Eng'r. Corp.*, 323 F. Supp. 1300, (S.D.N.Y. 1970) (sale of equipment for use in asphalt plants), aff'd. 444 F.2d 372 (2d Cir. 1971), cert. denied 404 U.S. 939 (1971); *K & C, Inc.* v. *Westinghouse Elec. Corp.*, 437 Pa. 303, 263 A.2d 390 (1970).

While evidence is required, in my judgment, I believe the court, and not the jury, must decide whether or not the exclusion is unconscionable.

### November 25, 1975

This is an action at law brought by Smith against Jarfo to recover the balance of the purchase price ($43,216.00) allegedly due from the sale of certain equipment purchased by Jarfo. Jarfo denies Smith's claim and by its counterclaim alleges that Smith is indebted to it in the aggregate amount of $317,704.28. The court has previous overruled Smith's demurrer, motion to strike and motion for summary judgment, and at that time held that Smith's disclaimer of all warranties and representations was not conspicuous and therefore ineffective.[1]

Thereafter, a pretrial hearing was conducted for the purpose of having the court rule on the following issues prior to trial:

1. Are the damages claimed by Jarfo direct (or general) or consequential (or special)?

2. If consequential, are they recoverable by Jarfo?

---

[1]. See letter opinion dated May 7, 1975, citing Code Secs. 8.2-316(2), 8.1-201(10); Lacks v. Bottled Gas Corp., 215 Va. 94 (1974).

*Are the Damages Direct or Consequential?*

Jarfo's principal contention is that Smith breached certain alleged express warranties that the crushing plant would produce crushed stone on a consistent basis at the rate of 1,000 tons per hour. As a result, Jarfo's claim for damages is two-fold: (1) the recovery of $81,911.56 as additional expense incurred in operating the crushing plant over what the expense would have been had it performed at the rate of 1,000 tons per hour on a consistent basis; and (2) the recovery of $232,369.80 as the cost of making modifications to increase the production capacity to the volume allegedly warranted.

Classifying damages as either direct or consequential is a question of law. *Roanoke Hospital* v. *Doyle and Russell*, 215 Va. 796, 801 (1975).

A consequential damage is one that does not flow directly or immediately from the act of the party, but only from some of the consequences or results of such act. *Washington &  Old Dominion R.R. Co.* v. *Westinghouse Co.*, 120 Va. 620, 634, 89 S.E. 131; *Food Corporation* v. *Dawley*, 202 Va. 543, 546, 118 S.E.2d 644, 667. "Consequential damages are those which arise from the intervention of 'special circumstances' not ordinarily predictable." *Roanoke Hospital* v. *Doyle and Russell*, *supra*, 215 Va. at 801.

Generally, lost profits and increased operating expenses resulting from continued use by a purchaser of defective equipment are regarded as consequential damages. *Lewis* v. *Mobil Oil Corp.*, 438 F.2d 500 (8th Cir.); *Lake Village Implement Co.* v. *Cox*, 478 S.W.2d 36 (Ark.); *Gramling* v. *Baltz*, 483 S.W.2d 183 (Ark.); *KPLR TV, Inc.* v. *Visual Electronics Corp.*, 327 F. Supp. 315 (W.D. Ark. 1971), 33 A.L.R.2d, p. 511. This is the basis upon which Jarfo seeks recovery in this suit. *See* deposition of David H. Burrows, Cross-examination, page 4.

A case quite similar to the case at bar is *Monarch Brewing Co.* v. *George J. Meyer Mfg. Co.*, 130 F.2d 582 (9th Cir.). Purchaser, prior to buying the machinery from seller, had used certain bottling machinery which required 17 men to operate and which had a maximum production of 1,500 cases of 11 ounce bottles per day at a cost of $.09 per case. Purchaser advised seller of its desire to acquire machinery which would increase its

daily bottling output at a reduced cost. Seller recommended to purchaser its machine which would require 20 men to operate and which would bottle 3,600 cases of 11 ounce bottles per day at a cost of $.04½ per case. The parties thereupon entered into a contract for the sale of said machinery, and purchaser relied upon seller's representations as to the quality and fitness of the machinery to perform purchaser's work. The purchaser relied upon seller's representations as to the quality and fitness of the machinery to perform purchaser's work. The purchaser alleged that the bottling machinery did not work as warranted, and asked for damages in the sum of $214,155.78 which were summarized as follows:

    (a) Present and future wages of men necessary to operate said machinery in excess of the number of men represented to be necessary to operate the same, $37,978.14.

    (b) The value of beer lost by reason of the failure of the machinery to pasteurize the beer with the degree of efficiency with which the defendant represented the machinery would pasteurize the beer, $13,363.62.

    (c) The loss of profits due to adverse publicity arising from the fact that some of the beer bottled by the machinery in question was not pasteurized with the degree of efficiency with which the defendant represented the machinery would pasteurize the beer, $50,192.00.

    (d) Loss of caustic soda used in operating the machinery in excess of that which defendant said would sufficient to enable the machinery to properly cleanse the bottles, $19,380.00.

    (e) The value of the beer lost due to failure of the machinery to maintain a proper filling level, in accordance with defendant's representations, $1,262.63.

    (f) The loss due to depreciation in excess of the depreciation which defendant represented the machinery would have, $27,920.00.

    (g) Cost of replacing defective parts of the machinery, $5,261.23.

    (h) Labor costs expended and to be expended in endeavoring to put the machinery in good operating order and the value of labor lost

resulting from temporary shutdowns, caused by failure of the machines to properly operate, $58,798.16.

The court held these damages (some of which are almost identical to those claimed by Jarfo) were consequential. *See* also, *Smith* v. *Road Builders Equipment Co.,* 255 P. 657 (Wash. 1927).

The court is of the opinion that the damages claimed by Jarfo do not flow directly from a breach in contract, but arise from the intervention of "special circumstances." Therefore, they are held to be consequential.

### Are the Consequential Damages Recoverable?

Having classified Jarfo's alleged damages as consequential, the court must now determine if they are recoverable in this suit. If they were within the contemplation of the parties, they are recoverable, *Washington & Old Dominion R.R. Co.* v. *Westinghouse Co.,* 120 Va. 620, 89 S.E. 131; *Roanoke Hospital* v. *Doyle and Russell,* 215 Va. 796; provided the contract does not exclude consequential damages. *Washington & Old Dominion R.R. Co.* v. *Westinghouse Co., supra; Monarch Brewing Co.* v. *George J. Meyer Mfg. Co.,* 130 F.2d 582 (9th Cir.). However, the exclusion is unenforceable if it is unconscionable. Code Section 8.2-719(3).[2]

The contract between Smith and Jarfo provides that Smith shall not "be liable to buyer or lessee (Jarfo) or anticipated profits or for incidental or consequential damages."

Clearly this exclusionary clause precludes a recovery of consequential damages, unless the exclusion is "unconscionable." In this case, a contract was executed by two large, experienced and knowledgeable parties. The purchaser was a joint venture composed of two large, well-established corporations. Their officers were highly qualified and experienced executives. A finding of unconscionability in a commercial setting, such as this, is rare. *County Asphalt, Inc.* v. *Lewis Welding & Eng'r. Corp.,* 323 F. Supp. 1300, 8 UCC Rep. Serv. 445 (S.D.N.Y. 1970)

---

[2] "Consequential damages may be limited or excluded unless the limitations or exclusion is unconscionable."

(sale of equipment for use in asphalt plants), aff'd 444 F.2d 372 (2nd Cir. 1971), cert. denied 404 U.S. 939 (1971). And the purchaser carries the burden of proving the unconscionability of the limitation of remedy clause. Code Sec. 8.2-719(3).

Under the facts and circumstances of this case, the court holds that the exclusionary clause relating to consequential damages is not unconscionable but is enforceable and effective.

The damages claimed by Jarfo in its counterclaim, being consequential and expressly excluded by the contract (the exclusion not being unconscionable), are not recoverable in this suit. At the trial of this action, Jarfo's measure of damages, if any, shall be "the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted." Code § 8.2-714(2).