## Gentry's Guardian v. Gentry.

(Decided April 29, 1927.)

### Appeal from Pike Circuit Court.

1. Deeds.—Signature of grantor in acknowledgment of deed, instead of in place provided, held sufficient signature, under Ky. Stats., section 468, providing that instrument must be signed at end or close of writing.

2. Signatures.—The purpose of signature is to authenticate the writing and render the signer bound thereby.

3. Signatures.—If a signature be sufficiently near to end of a writing to afford reasonable inference that the signer intended to indicate that all he wished to authenicate and to which he purposed to be bound had been fully and completely expressed, the signature will satisfy Ky. Stats., section 468, requiring signature to be at end or close of writing.

4.  Signatures.—In determining whether signature is sufficiently
    near end of writing to satisfy Ky. Stats., section 468, requiring
    signature to be at the end, physical position of signature and in-
    ternal structure of writing will be considered.

W. W. BARRETT for appellant.

J. J. MOORE for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The sole question presented by this appeal is whether or not a deed made by R. T. Gentry to his wife, the appellee Florence Gentry, of date November 23, 1923, was properly signed by him. The deed is in the usual form, and, so far as pertinent, reads:

> "In testimony whereof the part— of the first part ha— hereunto subscribed ———— name the day and year aforesaid.

> "State of Kentucky, County of Pike:

> "Notary's Certificate of Acknowledgment.

> "I, Frank P. Damron, notary public for the county and state aforesaid, do certify that the foregoing deed of conveyance from Ralph T. Gentry to Florence Gentry (his wife) was on the 23d day of November, 1923, produced to me in said county and acknowledged before me by Ralph T. Gentry, party grantor thereto, to be his act and deed.
> "R. T. GENTRY.
> "Given under my hand this 8th day of December 1923.
> "Commission expires Jany. 24, 1924.
> "FRANK P. DAMRON,
> "Notary Public, Pike County."

It will be observed that R. T. Gentry, the grantor, did not sign his name where the grantor ordinarily signs, but did sign in the acknowledgment certificate.

The signature to a writing is placed there for the purpose of authenticating it and for the purpose and with the intent of the signer becoming and being bound thereby. Pontrich v. Neimann, 208 Ky. 715, 271 S. W. 1049. That Gentry signed this deed for the purpose of authenticating it and for the purpose and with the intent

of becoming and being bound thereby cannot be doubted. But section 468 of the Kentucky Statutes provides:

> "When the law requires any writing to be signed by a party thereto, it shall not be deemed to be signed unless the signature be subscribed at the end or close of such writing."

In a great many states, a writing required to be signed need not be signed at its end or close, and hence a signature anywhere in the writing, if made by the signer with the purpose of authenticating the writing and with the intent of becoming and being bound therby, is generally held sufficient in those jurisdictions. But, as we have seen, our statute requires the writing to be signed at its end or close. The reason for this requirement, of course, is that a signature so placed raises the logical inference that the writing to which it is thus appended expresses all which the signature wished to authenticate and to which he intended to be bound, and that nothing has been added to the writing which the signer did not wish to so authenticate. Therefore, if a signature be sufficiently near to the end of a writing as to afford a reasonable inference that the signer intended to indicate that all he wished to authenticate and to which he purposed to be bound had been fully and completely expressed, such a signature will satisfy the statute. And in determining whether the signature be so sufficiently near, not only may we take into consideration the physical position of the signature, but also the internal structure of the writing to which it is appended whether, for instance, it is, as written, a logical whole, and raising the logical inference that it expresses all the signer wished to authenticate. The deed under consideration is a logical whole. The testimonium clause is where one would expect to find it in a deed, and it indicates that all which the grantor purposed to authenticate and to which he intended to be bound had been expressed. At its conclusion, there is nothing left to expect but the signature. And this signature follows in such reasonable proximity as to afford the reasonable inference that the grantor thus intended to authenticate what had thus been fully and completely expressed.

Counsel has not cited to us, and after a diligent search, we have been unable to find, any case from this jurisdiction bearing on the precise question of the signing of a deed as we have it here. But in the case of Lucas

v. Brown, 187 Ky. 502, 219 S. W. 796, this court did have
under consideration the validity of a signature to a will.
So far as pertinent that will read:

> "In witness whereof I have signed and sealed
> and published and declared this instrument as my
> last will at Harrodsburg, Ky., on the 14th day of
> December, 1895.

——————————————.
——————————————.

> "The said Juretta Brown at Harrodsburg, Ky.,
> on the 14th day of December, 1895, signed and sealed
> this instrument, and published and declared the same
> as and for her last will. And we at her request and
> in her presence and in the presence of each other,
> have hereunto written our names as subscribing wit-
> nesses.
>
> "JURETTA BROWN.
>
> "Witness: A. G. VIVION.
> "Witness: GRANT VIVION.
>     "ISAAC I. HENDREN."

In holding the signature valid, we said:

> "The proper place for testator's signature in
> an orderly arranged will is at the foot or end thereof;
> that is, the logical or physical end, on the line fol-
> lowing the testimonium clause. This does not neces-
> sarily mean that the signature shall be in immediate
> juxtaposition to the concluding words of the disposi-
> tory provisions. It should be sufficiently near to
> afford a reasonable inference that testator intended
> to indicate that his testamentary dispositions had
> been fully and completely expressed. The hiatus be-
> tween disposing portions and the subscription will
> not affect the validity of the will, if there is a sub-
> stantial compliance with the statute. The distance
> between the last line of the instrument and the sig-
> nature has not been fixed by statute nor is likely to
> be.   .   .   .
> "The signature of testator should generally be
> placed above the attestation clause, but the signa-
> ture beneath such clause is a sufficient compliance
> with the provision that the signature must be at the
> end. An attestation clause is not strictly a part of
> the will, but rather a certificate thereto, and the sig-

nature may either precede or follow it and still be at the end of the will.''

This Lucas case we regard as controlling the case before us. Although the proper place for Gentry's signature was the logical or physical end of the deed on the line following the testimonium clause, yet the fact that the signature was not so placed was not a violation of the statute requiring the instrument to be signed at its close. The instrument itself shows that it was a logical whole. The signature of Gentry to it, although not found where one would expect to find it, yet was in such juxtaposition to the concluding part of the deed as undoubtedly to show that the grantor intended to give authenticity to the instrument he was signing, nor is it so far separated from the concluding part of the deed as that it can be said not to have been signed substantially at the end or close of such writing. In the very similar case of Winston v. Hodges, 102 Ala. 304, 15 So. 528, we find that a deed was written on a piece of foolscap paper consisting of two sheets united at the top. On page 1 was the deed; on the back of page 1 was a certificate of acknowledgment; on the face of page 2 was a recording certificate; and on the back of page 2, was the signatures of the grantors. Speaking to an objection that this deed was not signed at the foot as the Alabama law required, the Supreme Court of Alabama said that the signature substantially complied with the statute.

We are therefore of opinion that the signature of Gentry to this deed substantially complied with section 468 of our Statutes, and, the judgment of the lower court being in accord with these views, it is affirmed.