**John H. GRIMM, et al, Appellant,**

v.

**Fred RIZK, et al, Appellee.**

**No. A2982.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 5, 1982.

Joseph F. Archer, Thomas B. Swanson, Archer, Peterson & Waldner, Robert N. Hinton, Sowell, Ogg & Hinton, Houston, for appellant.

Joe H. Reynolds, Reynolds, Allen, Cook, Pannill & Hooper, Harry M. Reasoner, Vinson & Elkins, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and PRICE, JJ.

## OPINION

PRICE, Justice.

Appellants (plaintiffs below) John H. Grimm, Pat McBride, Frank T. Nagle, Trustee and the Taylor Trust appeal a summary judgment granted in favor of appellees Fred Rizk, Edward Rizk, Carl Gromatsky and Frank F. Davis (defendants below) in a suit to set aside a deed of trust foreclosure sale of the Plantation Apartments located in Houston, Texas, and for damages for wrongful foreclosure. In their Third Amended Petition, appellants Grimm, McBride and Nagle, Trustee, claimed to be debtors under the deed of trust and alleged they were not given notice of foreclosure as required by Tex.Rev.Civ.Stat.Ann. art. 3810 (Vernon Supp. 1981). We hold the trial court properly granted the appellees' motion for summary judgment because appellants' claims are barred by the doctrine of res judicata. We affirm.

In this case, we hold that the claims of appellants are barred under the doctrine of res judicata by reason of a final take-nothing judgment on the merits in an earlier lawsuit filed by William R. Upchurch, Trustee, (a party in privity with them) against all appellees, except Frank Davis, arising out of the same subject matter and transaction forming the basis of this suit. This suit was filed approximately two months after final judgment in the earlier case. Both suits sought to set aside the deed of trust foreclosure of the Plantation Apartments and for damages for wrongful foreclosure. The pleadings in both cases alleging the transaction and surrounding circumstances are almost identical.

The record owner of the Plantation Apartments in January, 1976, was Fred Rizk. Appellees Dr. Edward Rizk and Carl Gromatsky had a beneficial interest in the property. On or about January 1, 1976, a partnership named Plantation Ltd. was formed to purchase the Plantation Apartments. The general partner was Janco, Inc., a corporation owned by William R. Upchurch. The limited partners were appellants Grimm, McBride and Nagle, Trustee. Nagle acted as trustee for Plantation Ltd. in the purchase, sale and lease of Plantation Apartments. On January 13, 1976, the Plantation Apartments were sold by Fred Rizk to Frank T. Nagle, Trustee for a total consideration of $4,300,000.00. As part of the consideration for the purchase of the Plantation Apartments, Nagle, Trustee, executed two promissory notes, one for one million three hundred thousand dollars ($1,300,000.00) and one for three hundred thousand dollars (300,000.00). These notes were secured by a Deed of Trust to the Plantation Apartments with Dan Arnold named as trustee and Fred Rizk as beneficiary. Additional documents also executed at the closing on January 13, 1976 were: a partnership agreement between John H. Grimm, Pat McBride, Frank T. Nagle, Trustee, and another individual resulting in the formation of Plantation Ventures (Plantation Ventures in turn created the Taylor Trust, title holder to the realty of the Plantation Apartments in which Frank T. Nagle and William R. Upchurch acted as co-trustees); a warranty deed conveying the Plantation Apartments from Frank Nagle, Trustee, to the Taylor Trust; and a lease agreement between the Taylor Trust, as lessor, and Frank T. Nagle, Trustee, as lessee.

The three hundred thousand dollar note executed as part of the consideration for the purchase of Plantation Apartments was due and payable on April 10, 1976. Appellant made no payment on the note on that date and thus, defaulted in its payment. As of June 14, 1976, appellant had paid only ten thousand dollars ($10,000.00) of principal on the three hundred thousand dollar note plus interest and remained in default. These payments were made by Upchurch, Trustee. Fred Rizk, under the power granted him in the notes and Deed of Trust, accelerated to that date the balance due on the one million three hundred thousand dollar note. The property was posted for foreclosure sale by Frank F. Davis, Substitute Trustee, under the Deed of Trust. Written notice of foreclosure was forwarded by certified mail to Nagle, Trustee, the maker of the notes at Nagle's address contained in the Deed of Trust.

Prior to June 14, 1976, appellee Gromatsky had discussed the payment of the three hundred thousand dollar note with William R. Upchurch, the agent, partner and/or trustee of the appellants and brought to Upchurch's attention that the note had not been paid when it was due on April 10, 1976. Upchurch tendered a check to appellee Gromatsky for delivery to appellee Rizk but it was returned due to insufficient funds and Upchurch was so advised. Appellee foreclosed on the Deed of Trust to the Plantation Apartments on July 6, 1976.

Approximately eight months after the foreclosure, William R. Upchurch, Trustee, filed suit in the 129th District Court of Harris County to set aside the foreclosure sale and for damages for wrongful foreclosure. The defendants in that suit were appellees Fred Rizk, Edward Rizk and Carl Gromatsky. Upchurch had no individual interest in the property and maintained the suit solely in a representative capacity as Trustee. He alleged in that suit that he was a debtor but was not given notice of foreclosure as required by Tex.Rev.Civ.Stat. Ann. art. 3810 (Vernon Supp. 1981). He alleged that the only debtor to receive notice of the foreclosure was Frank Nagle, Trustee. The trial court granted a summary judgment in favor of defendants on May 2, 1977, and ordered that plaintiff William R. Upchurch, Trustee, take nothing in that suit.

It is apparent that this suit was maintained for the benefit of appellees and that had Upchurch been successful the recovery of the property and/or damages would have reverted to appellees, particularly since Upchurch had no individual interest in the property.

Approximately two months after that final judgment was signed, appellants and Janco, Inc. filed this suit against appellees to set aside the same deed of trust foreclosure and for damages for wrongful foreclosure. Appellant's Third Amended Petition made substantially the same allegations as in the first suit insofar as the facts and circumstances of the transaction leading up to the foreclosure are concerned. Appellants, in addition to alleging lack of notice to Upchurch, Trustee of the foreclosure sale, also alleged that Grimm and McBride and Nagle, Trustee were debtors and did not receive notice of foreclosure as required by Tex.Rev.Civ.Stat.Ann. art. 3810 (Vernon 1970). Appellees filed third party defendant actions against Plantation Ventures, a partnership, and Frank T. Nagle, individually. Appellees' motion for summary judgment was based on several grounds including res judicata. The trial court granted the summary judgment in favor of appellees against all parties. The judgment became final against Plantation Ventures and Frank Nagle, individually, without any appeal being taken. Nagle owned no interest individually in the property and maintained the suit only in a representative capacity as Trustee. He is trustee of Janco, Inc., owned by William R. Upchurch, the general partner of Plantation Ltd., and is co-trustee of Taylor Trust with William R. Upchurch. Janco, Inc. perfected an appeal along with the other appellants, but has filed no brief nor made any appearance on appeal. Pursuant to Tex.R.Civ.P. 415 the appeal of Janco, Inc. is dismissed.

On appeal, appellants contend (1) that the judgment in the first suit by Upchurch, Trustee, is not res judicata as to this case; (2) that the substitute trustee did not comply with the notice provisions of the deed of trust since the notice of intended foreclosure was not personally sent by the substitute trustee, but rather was prepared by a law partner of the substitute trustee and mailed by a secretary of Fred Rizk, the beneficiary; (3) that the required notices under Tex.Rev.Civ.Stat.Ann. 3810 (Vernon Supp. 1981) were not sent to the debtors, whom appellants claim to be Upchurch, Trustee, Nagle, Trustee, Grimm and McBride, and (4) that appellees failed to negate the existence of waiver and estoppel of the right to accelerate the notes.

Appellees reply that (1) res judicata applies to this case; (2) that the phrase "trustee or person acting for him" contained in the deed of trust authorizes the law partner of the substitute trustee to prepare the notice and the beneficiary to mail such notice; (3) the only debtor was Nagle, Trustee, and that notice was properly mailed to him at his last known address by certified mail return receipt requested as required by Article 3810; (4) the points of waiver and estoppel were first raised by appellants on appeal; and (5) the issue of notice by the substitute trustee under the provisions of the deed of trust as an additional requirement to the notice provision of Article 3810 was not alleged by appellants in their Third Amended Petition as a ground of recovery, and therefore was not entitled to be raised on appeal.

We agree that appellants' claims in this suit are precluded under the doctrine of res judicata by reason of the final judgment in the first suit brought by William Upchurch, Trustee. Because of the question of privity as it relates to res judicata, it is important to understand the close interrelationship of appellants in this lawsuit and Upchurch, Trustee, plaintiff in the first suit.

A final judgment binds those who are parties to the original cause and those in privity with them. Privity connotes those who are in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right. *Benson v. Wanda Petroleum Co.,* 468 S.W.2d 361, 363 (Tex.1971). There is no generally prevailing definition of privity which can be automatically applied to all cases involving the doctrine of res judicata and the determination of who are privies requires careful examination into the circumstances of each case as it arises. *Benson v. Wanda Petroleum Co., supra* at p. 363. A person who controls a suit is bound by the adjudications of litigated matters as if he were a party where he has a proprietary or financial interest in the judgment or in the determination of a question of fact or of law with reference to the same subject matter or transaction. *Benson, supra* at pp. 363–364. See also *Texas Water Rights Commission v. Crow Iron Works,* 582 S.W.2d 768 (Tex.1979).

Appellants' claim that the privity relationship supporting application of res judicata is nonexistent in the present case because there is no evidence that shows William R. Upchurch, Trustee, represented the rights or interest of the appellants in that first suit or was authorized to maintain that suit in their behalf. We disagree. We believe the requisite privity exists. Upchurch was trustee for each of the appellants and was also their partner and agent. Had Upchurch prevailed in the first suit, there is no doubt the property and/or damages recovered would have reverted to the benefit of appellants. The present lawsuit seeks the same relief as the first suit.

Neither Upchurch nor Nagle had any individual interest in the purchase of Plantation Apartments, and both were acting at all times in a representative capacity. Upchurch was a trustee of appellant Taylor Trust, the title holder of the Plantation Apartments, and he remains a trustee of the Taylor Trust today. Upchurch, Trustee, is also a beneficiary of the Taylor Trust. Appellant John H. Grimm and Pat McBride were the remaining beneficiaries of the Taylor Trust. John H. Grimm, Pat

McBride, Nagle, Trustee and Upchurch were partners in Plantation Ltd. Further, appellants admit in their deposition and also in their brief that Upchurch as trustee acted as agent for appellants Grimm and McBride in the purchase of the Plantation Apartments.

Appellant Taylor Trust was represented in the prior lawsuit through its trustee, William R. Upchurch. Upchurch as trustee was also a beneficiary of the Taylor Trust. The remaining beneficiaries of the Taylor Trust were Grimm and McBride. Thus, all the beneficiaries of the trust including Grimm and McBride were represented by Upchurch, Trustee, in the first suit. The beneficiaries of a trust are bound by a judgment against their trustee. *Slay v. Burnett Trust,* 143 Tex. 621, 187 S.W.2d 377 (1945). In addition, Grimm, McBride and Nagle, Trustee, were members of a partnership with Upchurch in the attempted ownership of the Plantation Apartments. A judgment against their partner, William R. Upchurch, is therefore, res judicata as to the claims of the remaining partners. Every partner is an agent of the partnership and his actions bind the partnership. Tex. Rev.Civ.Stat.Ann. art. 6132b § 9(1) (Vernon 1970). *See also Hammonds v. Holmes,* 559 S.W.2d 345, 347 (Tex.1977). The Texas Partnership Act contemplates that a partnership as a whole is charged with knowledge of or notice to a partner. Tex.Rev. Civ.Stat.Ann. art. 6132b § 12 (Vernon 1970). Finally, appellants Grimm and McBride admit that Upchurch, Trustee, was authorized to act as their agent in the negotiation and purchase of the Plantation Apartments which he did. The judgment against their agent, Upchurch, Trustee, therefore, is res judicata as to the claims of Grimm and McBride. A principal is bound by the result of litigation brought by his agent "for the purpose of conserving or benefiting the property rights involved." *Arouaini v. Battistic,* 113 S.W.2d 667, 672 (Tex.Civ.App.—Dallas, 1938 writ dism'd). Nagle, Trustee, appellant in this case, merely represents some of the same interests previously represented by Upchurch, Trustee, in the first suit. Thus, all of the interests of all the appellants in the present case were previously represented by Upchurch, Trustee, in the first lawsuit arising out of the same subject matter and transaction and seeking the same relief.

Likewise, all the appellees except Davis were parties to the first suit. Despite some language which seems to indicate to the contrary in *Hammonds v. Holmes, supra,* we also believe the interest of Davis, substitute trustee, was represented in the prior lawsuit against the beneficiary of such trust instrument under the facts and circumstances of this case particularly as relating to the question of notice of the proposed foreclosure.

Once we find that the requisite privity exists, the question becomes the scope of the application of the doctrine of *res judicata.* A careful reading of the original petition filed in the first suit demonstrates that it encompassed every claim now asserted by the appellants. It was alleged in the first lawsuit that appellee Carl Gromatsky was involved in the negotiations for the purchase of the Plantation Apartments and knew that parties other than Nagle Trustee were involved. It is further alleged that Upchurch, the representative of appellants herein, was not given notice of the foreclosure pursuant to Tex.Rev.Civ.Stat.Ann. art. 3810 (Vernon Supp. 1981). It also alleged that Gromatsky agreed with Upchurch that foreclosure would not take place if interest payments were made on the three hundred thousand dollar note. These contentions, although couched in somewhat different language, were all asserted by appellants in this case. Those claims, having been decided in the first lawsuit, may not be relitigated. *Abbott Laboratories v. Gravis,* 470 S.W.2d 639, 642 (Tex.1971).

Appellants assert that additional grounds of recovery are alleged in this suit which were not alleged in the first suit. A different factual allegation is made that Nagle, Trustee, did not receive a notice of foreclosure as required by Article 3810, whereas Upchurch, Trustee, specifically alleged in his suit that Nagle, Trustee, was

the only debtor that did receive notice. Additionally, it is alleged in this suit that Grimm and McBride were also debtors who did not receive notice of foreclosure. All of the claims made by appellants in this suit could have been made by Upchurch, Trustee, in the first suit, and we believe they are also barred by res judicata.

■ "The scope of res judicata is not limited to matters actually litigated; the judgment in the first suit precludes the second action by the parties and their privies not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit." *Texas Water Rights Commission v. Crow Iron Works*, 582 S.W.2d 768, 771–72 (Tex.1979) citing *Griffin v. Holiday Inns of America*, 496 S.W.2d 535 (Tex.1973); *Abbott Laboratories v. Gravis*, 470 S.W.2d 639 (Tex.1971); *Ogletree v. Crates*, 363 S.W.2d 431 (Tex.1963); *Hanrick v. Gurley*, 93 Tex. 458, 56 S.W. 330 (1900); *Freeman v. McAninch*, 87 Tex. 132, 27 S.W. 97, 99 (Tex. 1894).

The court in *Gilbert v. Fireside Enterprises, Inc.*, 611 S.W.2d 869 (Tex.Civ.App.—Dallas, 1980, no writ) discussed and analyzed many of the res judicata decisions dealing with the scope of the doctrine's application and attempted to reconcile such decisions particularly on the question of whether a different cause of action was alleged in the second suit, and if it was, whether it was precluded by the judgment in the first suit. The court decided whether res judicata should apply in that case based upon policy considerations. We believe that due to the close interrelationship of the parties, the same claims for relief in both suits for damages and to set aside foreclosure arising out of the identical subject matter and transaction, as well as the policy considerations for application of the doctrine, we are led to the conclusion that the present suit by appellants is precluded by the take-nothing judgment in the first suit and that summary judgment was properly granted by the trial court.

■ Appellants contend that the insertion of the words "as presently pled" by the trial judge in the first judgment after the words that plaintiff "take nothing in this cause" had the effect of turning that final judgment into an order of dismissal without prejudice, and thereby permitted Upchurch, Trustee to refile his lawsuit at a later date alleging additional grounds of recovery if he chose to do so. Appellants cite no authorities nor can we find any that support their interpretation of that judgment. The final judgment entered by the trial judge in the first suit specifically provided in two instances that plaintiff "take nothing in this cause." The recitation paragraph of the judgment specifically stated that the court was "of the opinion that plaintiff was not entitled to notice of the sale under the deed of trust in question." All claims for relief and theories relied on were disposed of by the judgment, and the order recited that plaintiff "take nothing in this cause." It was a final judgment on the merits and was not an interlocutory judgment. There was no dismissal without prejudice of any claim or issue before the court. The judgment disposed of all issues and parties before the court. The addition of the words "as presently pled" neither detracted from nor added to the effect of the judgment. Any language contrary to the laws of the State is mere surplusage and of no effect. *State v. Starley*, 413 S.W.2d 451 (Tex.Civ.App.—Corpus Christi, 1957, no writ). We do not believe that *North East Independent School District v. Aldridge*, 400 S.W.2d 893 (Tex.1966), cited by appellees for the proposition that there is a presumption the court intended by its judgment on the merits to dispose of all parties before it and all issues raised by the pleadings is dispositive of the question here. The question in the *North East Independent School District* case was whether it was a final appealable judgment where it did not mention disposition of a pending cross-action in the case. The rule as enunciated in that case is that for appeal purposes a judgment in a trial on the merits is presumed to have disposed of all issues and parties before the court and is a final ap-

pealable judgment. The same presumption does not apply to a summary judgment, however, for appeal purposes. *Carl Schlipf, et al v. Exxon Corp. et al,* 626 S.W.2d 74 (Tex.1982). Neither of those cases, however, is in point. In our case, there is no doubt but that the first judgment in the Upchurch, Trustee, suit was a final judgment and disposed of all issues and parties before the court. It was a final and appealable judgment. The question in our case is did it have the effect of precluding additional issues in a later suit which could have been raised and decided in the first case, but were not.

Again, we believe this case falls within the application of the doctrine of res judicata in scope as applied in *Texas Water Rights Commission v. Crow Iron Works,* 582 S.W.2d 768 (Tex.1979); *Abbott Laboratories v. Gravis,* 470 S.W.2d 639 (Tex.1971); *Freeman v. McAninch,* 87 Tex. 132, 27 S.W. 97 (Tex.1894); and *Ogletree v. Crates,* 363 S.W.2d 431 (Tex.1963). In those cases, and in our case, we believe the scope of res judicata is not limited to matters actually litigated. The judgment in the first suit precludes the second action by the parties and their privies not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit. Because we hold the summary judgment was properly granted on the application of the doctrine of res judicata, we do not pass on appellants' other points of error.

The judgment is affirmed.