John WADDELL and Carolyn Waddell, Appellants,

v.

Kendall STEVENSON d/b/a Stevenson Electric; Kashway Building Materials, Inc.; Will Ed Bushart d/b/a Bushart Homebuilders; and Kitchens, Incorporated of Paducah, Appellees.

Court of Appeals of Kentucky.

Nov. 16, 1984.

Rehearing Denied Jan. 25, 1985.

E.W. Rivers, Rivers & Arflack, Paducah, for appellants.

Robert L. Prince, Martin W. Johnson, Benton, James A. Anderson III, Roger Wm. Perry, Long & Perry, Benton, for appellees.

Before COMBS, HOWARD and Mc-DONALD, JJ.

McDONALD, Judge:

A judgment was entered against John and Carolyn Waddell in the Marshall Circuit Court, in which Stevenson Electric was awarded the sum of $4,146.72 plus interest, and Kitchens, Incorporated of Paducah was awarded the sum of $1,333.56 plus interest. Both these claims were for materialmen's liens filed against the Waddells and arose out of two separate actions filed and later consolidated for trial. In addition, the trial court entered a summary judgment against the Waddells on their cross-claim and third party complaint against Will Ed Bushart, d/b/a Bushart Homebuilders which was a part of the action filed by Kitchens. A summary judgment was also entered against the Waddells in favor of Kashway Building Materials, Inc., in the amount of $1,595.19 plus interest, also for a materialmen's lien filed against the Waddells.

This conflict was initiated when the Waddells filed an action in the United States District Court at Paducah, Kentucky, against appellee Bushart. The suit was filed for breach of contract in the construction of a house which Bushart was to con-

struct for the Waddells, and demanded damages against Bushart for all the money the Waddells had paid in excess of the contract price of $107,000, cost of repairs due to defective workmanship, and failure to complete construction of the house. None of the other parties to this appeal, who were either subcontractors or independent contractors to Bushart, the prime contractor, were named as parties in the federal court action.

Bushart filed his answer and counterclaim in federal court, in which he made claim for $27,000, alleged that he had engaged subcontractors and asserted the existence of liens against the property. Bushart made none of the lienholders parties to the federal court action.

While the action was pending in federal court the two actions mentioned above were filed against the Waddells in circuit court. Kitchens, Inc. first filed a claim on its lien. The Waddells answered the complaint and moved to bring in Bushart, the prime contractor, as a third party defendant. A third party complaint was filed by the Waddells stating that Bushart was liable to the Waddells for any judgment rendered against the Waddells and in favor of Kitchens, Inc.

Secondly, Stevenson Electric filed an action in circuit court asserting its lien on the Waddells' property. In addition to the Waddells, Kitchens, Inc., Kashway Building Materials, Inc., and Bushart were named as defendants. The Waddells answered Stevenson's suit and asserted, among other defenses, that jurisdiction of the claim was in the federal court. The Waddells filed a cross-claim in this action in which they asserted that Bushart was liable for any judgment in favor of any lienholders against the Waddells. Kashway Building Materials filed an answer to Stevenson's suit and set up its claim for a lien.

The trial court consolidated for trial the two actions pending in state court, namely, the suit of Stevenson Electric against the Waddells and the suit of Kitchens, Inc.,

against the Waddells. Various motions for continuation of a trial date were made because of the pending federal case.

The federal case was tried in the United States District Court, the result being that the jury found for the Waddells against Bushart on the Waddells' complaint, and found for the Waddells on Bushart's counterclaim. Bushart's counterclaim had asserted various claims for amounts due subcontractors, including those of Kashway, Kitchens, Inc., and Stevenson, in the total amount of $20,528.94.

After the conclusion of the federal trial, trial was held in the Marshall Circuit Court on the two claims filed against the Waddells by Kitchens and by Stevenson. The trial of these actions resulted in a judgment for Stevenson against the Waddells for $4,146.72 and a judgment for Kitchens against the Waddells for $1,333.56. In addition, the trial court entered a summary judgment for Kashway in the amount of $1,595.19. The trial court entered summary judgment for Bushart on the third party complaint filed by the Waddells in Stevenson's suit, stating that the issue was res judicata because of the outcome of the federal action.

On appeal the Waddells make two assignments of error. They assert that the circuit court committed error in denying the Waddells' motion for judgment on the cross-claim and third party complaint against Bushart because the federal court judgment was res judicata as to the claim for indemnification set out in said cross-claim and third party complaint. Appellants also argue that Stevenson, Kitchens and Kashway should have been precluded from bringing the actions in circuit court and that the federal court judgment should have been res judicata as to their claims.

■ The Waddells argue that the federal court judgment, which found for the Waddells on the claim of Bushart and which denied Bushart his claim for amounts due to subcontractors and materialmen, estab-

lishes that as between the Waddells and Bushart, Bushart was liable for the claims of Stevenson, Kitchens and Kashway. Appellants further argue that, therefore, summary judgment should have been entered and the third party complaint and cross-claim of the Waddells against Bushart should have been allowed based upon the finding for the Waddells in federal court. It is undeniable that a federal court judgment is entitled to full faith and credit in the state courts, *Burlew v. Fidelity & Casualty Co. of New York*, 276 Ky. 132, 122 S.W.2d 990 (1938). However, a judgment becomes res judicata only when there exist identity of the parties, identity of the causes of action, and when the action is decided on its merits. *Newman v. Newman*, Ky., 451 S.W.2d 417 (1970), and *BTC Leasing, Inc., a/k/a Bulk Transit Leasing Corp., Inc. v. Billy R. Martin*, Ky.App., 685 S.W.2d 191 (1984) (modified August 24, 1984).

■ The federal court judgment found in favor of the Waddells for the damages claimed by Bushart, which included the amounts due Kitchens, Stevenson and Kashway. The last three named subcontractors were not parties to the federal suit, not having been impleaded by the Waddells or brought into the suit by the defendant, Bushart. Therefore, the judgment, which in effect held that the Waddells were not responsible for the various claims of Bushart, is not tantamount to a finding that Kitchens, Stevenson and Kashway are not entitled to bring a claim against the Waddells for their own claims.

■ The Waddells cite 46 Am.Jur.2d *Judgments* § 518 (1969), which states:

With regard to the persons as to whom the doctrine of res judicata is applicable, the rule is well settled that a judgment is binding in favor of or against all parties to the proceedings in which it is rendered, and their privies, whether the doctrine is asserted on behalf of the plaintiff or defendant in the subsequent action.

The question becomes whether Kitchens, Stevenson and Kashway are in privity with Bushart so as to be barred by the doctrine of res judicata from bringing suit against the Waddells. "Privity" is defined in the case of *Grimm v. Rizk*, 640 S.W.2d 711 (Tex.App.1982), as follows: "Privity connotes those who are in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right." *Id.* at 715. We do not believe that the legal rights of Kitchens, Stevenson and Kashway were so connected with that of Bushart as to preclude their bringing suit against the Waddells for amounts due under their liens. Bushart's interest in the federal lawsuit, as set out in his counterclaim, was for unpaid claims alleged to be due him from the Waddells, including the claims of the three lienholders. It was finally determined in that lawsuit that this particular claim against the Waddells was resolved by the jury in the Waddells' favor and that Bushart was not entitled to these amounts. In our opinion, however, this falls short of constituting an identity of interest in the three appellees' interests. The validity of their claims against the Waddells was not resolved in the federal court action; the issue in that court was resolved only between the Waddells and Bushart.

■ We reach this conclusion because both the Waddells and Bushart were content to leave the three lienholders out of the federal lawsuit when both had a right to join them. Two of the lienholders actually testified as witnesses in the federal case. However, their testimony alone at the trial does not bring them within the purview of *McKenzie v. Hinkle*, 271 Ky. 587, 112 S.W.2d 1019, 1021–22 (1938), which instructs us,

that the word "parties" within that requirement were not necessarily confined to actual parties in the litigation in which the judgment was rendered, but that the term also embraced others strangers to

the litigation, who were not formal plaintiffs or defendants, but who by their conduct bring themselves in such relationship to the litigation as to become bound by the judgment. . . .

. . . "The courts look beyond the nominal parties, and treat all those whose interests are involved in the litigation and *who conduct* and *control the action or defense as real parties,* and hold them concluded by any judgment which may be rendered." [Emphases added.]

The lienholders in this case did not participate in the trial to the extent of conducting or controlling the litigation as addressed in *McKenzie.* Two of them did testify, and a review of their testimony revealed comments about the products sold, the work done on the Waddells' home, and gave opinions concerning business reputations of the builder and appellee Bushart and appellants' expert witness, a builder.

Naturally it concerns us that the Waddells have tried their case twice, but we must keep in mind that the lienholders have not had theirs tried at all. *State Farm Mutual Automobile Ins. Co. v. Shelton,* Ky., 368 S.W.2d 734, 737 (1963), sheds some light on this question, and we quote:

The doctrine under which a person not a party to a suit may be bound by a judgment therein is not strictly res judicata but "collateral estoppel". [Case cited.] It is based upon privity between a party to the original suit and the person who should be bound by the judgment. This privity is in turn founded upon such an identity of interest that the party to the judgment represented the same legal right. [Case cited.] The rule is essentially one of justice and fairness and recognizes that a question once litigated should not be relitigated. [Case cited.] But the doctrine may not be invoked to deprive a party of an actual opportunity to be heard on a material issue. [Case cited.]

If res judicata or collateral estoppel applies herein, we have a basic unfairness exercised upon the lienholders. It is not at all clear in the record to what extent the lienholders' claims were advocated. It was not brought out whether they were independent contractors or subcontractors of Bushart. For example, it was to Bushart's advantage to have Kitchens, Incorporated of Paducah designated as a subcontractor because then he would get a 10% override commission. The Waddells' reliance upon the authority of *Terry & Wright of Kentucky v. Crick,* Ky., 418 S.W.2d 217 (1967), is unwarranted. There the trial court overruled a motion to make Henry Lile a party plaintiff. He was the father of appellee Sara Crick. She admitted the house in question belonged to her father and that she might pay him a part of any recovery from the construction company for the blasting damage. The case stated:

Certainly the judgment herein is *res adjudicata* insofar as Lile is concerned. While we held in *Campbell v. McCoy,* Ky., 306 S.W.2d 843 (1957), that the doctrine of *res adjudicata* does not apply to one who merely participates in a case as a witness, we think this case is clearly distinguishable from the Campbell case in that in the present case Mr. Lile not only testified, but he had knowledge that his daughter filed her suit to include all items of damage, including the house he admitted in the evidence was "his house." He also negotiated with appellants for settlement of the claim. *Id.* at 219.

Since res judicata is a rule of justice and fairness, we feel that a contrary result would be reached in this case if the lienholders were denied an opportunity to present their claims.

■ Because Kitchens, Stevenson and Kashway were not in privity with Bushart in the federal action, they were not precluded by res judicata from asserting their claims in state court. We find no error in this assignment of appellants.

■ We likewise find no error in the trial court's failure to sustain appellants' motion for summary judgment on their cross-claim because of the argument that the federal court judgment precluded Bushart's recovering from the Waddells any funds in excess of those awarded him in federal court. The matter was indeed subject to res judicata because the action in federal court and the claim asserted in the cross-claim involved identity of the parties, i.e., the Waddells and Bushart, identity of the causes of action, and a decision of the merits. The federal action was determinative of any amounts due as between the Waddells and Bushart.

The judgment is affirmed.

All concur.