RENDERED: NOVEMBER 5, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0073-MR

HOWARD BURKE, JR.                                                     APPELLANT


                  APPEAL FROM GREENUP CIRCUIT COURT
v.            HONORABLE JOHN F. VINCENT, SPECIAL JUDGE
                        ACTION NO. 18-CI-00486


GREGORY BURKE; APRIL BURKE;
AND JUANITA MARIE BURKE[1]                                 APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, DIXON, AND L. THOMPSON, JUDGES.

DIXON, JUDGE: Howard Burke, Jr., appeals the order dismissing his claims

against Gregory Burke and April Burke entered on November 10, 2020, by the

Greenup Circuit Court. After careful review of the briefs, the record, and the law,

we affirm.

---

[1] Juanita Marie Burke was not a party to this cause of action. Accordingly, a show cause order was issued to Howard Burke, Jr., to demonstrate why Juanita was named as an appellee. No good cause being shown, she has been dismissed as a party to this action by separate order.

## FACTS AND PROCEDURAL BACKGROUND

Howard Burke, Jr., and Juanita Marie Burke were married in 1961. Their marriage produced two children–a son, Gregory Burke, and a daughter not party to this action. On August 21, 2001, Howard and Juanita deeded their family home to Gregory; however, the deed was not recorded with the Greenup County Clerk until 2017. At the time the deed was made, Howard, Juanita, and Gregory resided together on the property, and continued to do so until 2017. Howard believed the deed contained a provision for him to retain a life estate interest in the property. Gregory eventually married April Burke, but the deed was never altered to reflect their marriage.

Howard lived at the residence, paid the property taxes, insurance, and utilities, and also performed maintenance and made improvements to the property until he became ill, requiring hospitalization, in 2017. When Howard was released from the hospital, none of his family came for him. He was discharged with no shoes, glasses, hearing aids, identification, or money. He was physically unable to return to his home and moved through a series of nursing homes, rehabilitation centers, and the Veteran's Administration hospital.

When Howard was physically able to return home, he was met with hostility. He requested the court issue restraining, domestic, and interpersonal violence orders against Juanita and Gregory. Howard alleged he had been

threatened and he and his property had been injured. Most notable of Howard's accusations were unexplained chemical burns and lug-nuts being removed from his vehicle.

During this time, Juanita filed for divorce, and Howard was served with an eviction notice. It was then that Howard reviewed the actual language of the deed and discovered the absence of a provision for him to retain a life estate interest in the property. Howard and Juanita were ultimately divorced on July 5, 2018. In its decree, the Greenup Circuit Court found there was no real estate to be divided between Howard and Juanita as it had all been previously deeded to their children.

On October 11, 2018, Howard filed the instant action against Gregory and April. His complaint advanced many theories and requested various forms of relief, including reformation of the deed and/or finding of adverse possession. After significant discovery, on August 26, 2019, Gregory and April moved the trial court for summary judgment. Howard responded, and the matter was submitted on September 19, 2019. While the motion was pending, Gregory and April moved the court for a trial date, which was set for November 23, 2020.

Howard eventually moved the trial court for leave to amend his complaint on August 26, 2020; however, the original trial judge recused, and a

special judge was assigned. Thereafter, Howard filed a second motion for leave to amend his complaint on September 17, 2020.

On November 10, 2020, the court granted summary judgment and denied Howard's motion to amend his complaint as moot. Howard moved to alter, amend, or vacate the court's order. The motion was denied, and this appeal followed.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[2] 56.03. An appellate court's role in reviewing a summary judgment is to determine whether the trial court erred in finding no genuine issue of material fact exists and the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996). A grant of summary judgment is reviewed *de novo* because factual findings are not at issue. *Pinkston v. Audubon Area Cmty. Servs., Inc.*, 210 S.W.3d 188, 189 (Ky. App. 2006) (citing *Blevins v. Moran*, 12 S.W.3d 698, 700 (Ky. App. 2000)).

---

[2] Kentucky Rules of Civil Procedure.

## LEGAL ANALYSIS

On appeal, Howard argues the trial court erred in granting summary judgment and raises several issues in support thereof. We will address each, in turn.

### Life Estate

Howard first asserts the trial court erred in granting summary judgment because there was a genuine issue as to whether a life estate should have been part of the deed. A life estate is a freehold interest in land where the term continues during the life of the owner or some other person. *English v. Carter*, 300 Ky. 580, 189 S.W.2d 839 (1945). Here, the plain language of the deed demonstrates that Howard unequivocally conveyed *all* his interest in the subject property to Gregory without retaining a life estate or any other interest for himself. Howard signed the deed, evincing his intent to be bound by the instrument. *See Gentry's Guardian v. Gentry*, 219 Ky. 569, 293 S.W. 1094, 1094 (1927). Howard cannot now complain of mistake where no evidence exists, except that of his own self-serving testimony and a letter from his lawyer reiterating same, more than 17 years after he signed the deed. Accordingly, the court did not err in finding no genuine issue of material fact exists that would preclude summary judgment on this point.

Howard further complains that the trial court granted summary judgment based on a legal impossibility because he failed to have the deed corrected. Howard asserts he could not, unilaterally, have corrected any mistake or omission in the deed related to the life estate. He also points out that his attorney reached out to Gregory via letter requesting to correct the deed in December 2017.

It is a long-standing principle in Kentucky that:

> A unilateral mistake is not ground for reformation. An instrument which agrees with the intention of one party, although executed under mistake as to the other, cannot be reformed. Before a court of equity will reform a written instrument it must appear that there was a valid agreement, that the written instrument failed to express such agreement, that this failure was due to mistake, and this must all appear by clear and convincing proof.

*Kentucky Title Co. v. Hail*, 219 Ky. 256, 292 S.W. 817, 822 (1927). Review of the record reveals that Howard's belief that he had retained a life estate in the property was unfortunately a unilateral mistake, which he was unsuccessful in correcting and the trial court was unable to reform in the absence of proven fraud.

### Adverse Possession

Howard additionally claims the trial court erred in granting summary judgment because there was a genuine issue as to whether he met the required elements for adverse possession. To establish adverse possession, the "1) possession must be hostile and under a claim of right, 2) it must be actual, 3) it must be exclusive, 4) it must be continuous, and 5) it must be open and notorious."

-6-

*Appalachian Reg'l Healthcare, Inc. v. Royal Crown Bottling Co. Inc.*, 824 S.W.2d 878, 880 (Ky. 1992) (citing *Tartar v. Tucker*, 280 S.W.2d 150, 152 (Ky. 1955)). "Further, these common law elements of adverse possession must all be maintained for the statutory period of fifteen years, and it is the claimant's burden to prove them by clear and convincing evidence." *Elsea v. Day*, 448 S.W.3d 259, 263 (Ky. App. 2014) (citing *Moore v. Stills*, 307 S.W.3d 71, 78 (Ky. 2010)).

The Supreme Court of Kentucky has held marking a property for the purposes of adverse possession "did not commence the running of the limitations period unless and until it was accompanied by a use of the property clearly indicative of Petitioners' intent to exert dominion over it **to the exclusion of the rightful owner**." *Moore*, 307 S.W.3d at 78 (emphasis added). Here, the parties lived *together* on the property until 2017. Thus, the trial court correctly found that Howard could not and did not adversely possess the property for the required 15 years. In light of Howard's inability to satisfy the requisite time period, the trial court was not required to make any further factual findings regarding whether Howard would have otherwise satisfied the elements necessary to establish adverse possession.

## Motion to Amend

Next, Howard contends the trial court erred in granting summary judgment without first ruling on his motion to amend the complaint. In pertinent part, CR 15.01 provides:

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

"While liberality in granting leave to amend is desirable, the application is addressed to the sound discretion of the trial judge." *Bradford v. Billington*, 299 S.W.2d 601, 603 (Ky. 1957). Here, Howard did not bother to request leave from the trial court to amend his complaint until nearly a year after the motion for summary judgment was submitted and more than six months after the trial date was set. Where, as in the case herein, abuse of discretion is not clearly shown, "the action of the trial judge will not be disturbed." *Id.*

Howard also maintains he had a genuine belief that discovery was incomplete. It is well-established that "summary judgment is only proper after a party has been given **ample opportunity** to complete discovery, and then fails to offer controverting evidence." *Pendleton Bros. Vending, Inc. v. Commonwealth*

-8-

*Fin. & Admin. Cabinet*, 758 S.W.2d 24, 29 (Ky. 1988) (emphasis added) (citing *Hartford Ins. Grp. v. Citizens Fid. Bank & Trust Co.*, 579 S.W.2d 628 (Ky. App. 1979)). Yet, it is "not necessary to show that the respondent has actually completed discovery, but only that respondent has had an opportunity to do so." *Hartford*, 579 S.W.2d at 630.

In *Hartford*, a period of approximately six months between the filing of the complaint and the summary judgment was found to be sufficient time to conduct discovery. However, this is not a bright-line rule, and the appropriate time for discovery necessarily varies from case to case depending on the complexity, availability of information sought, and the like. *See Suter v. Mazyck*, 226 S.W.3d 837, 842 (Ky. App. 2007), *as modified* (Jul. 13, 2007).

Here, more than two years elapsed between the filing of the complaint and the grant of summary judgment. This is not a complicated case, nor has it been alleged that any information sought has been withheld. A trial date was assigned, and summary judgment was granted a mere ten days prior thereto. Moreover, Howard fails to identify what discovery had not yet been accomplished. Thus, we cannot say the trial court's grant of summary judgment was premature.

## Other Claims

Howard next asserts the trial court erred in failing to address his claims for unjust enrichment, fraud, duress, and malicious conduct. However,

Howard fails to set forth how he could prevail on any of these claims. Rather, he claims these issues were ignored by the trial court. He then asserts that Gregory's actions in 2017 and thereafter have "everything to do with the execution of the 2001 Deed." The deed was signed by Howard in 2001; thus, any actions after that time clearly can have no bearing upon it. While we sympathize with Howard's predicament, he has failed to demonstrate how, as a matter of fact or law, he is entitled to the relief sought.

## Collateral Estoppel

Finally, Howard contends the trial court erred in finding his claims barred via collateral estoppel. The findings of fact, conclusions of law, and decree of dissolution of marriage was entered by the Greenup Circuit Court after the deed was made, executed, and filed with the clerk. The decree was entered, appealed, and an opinion regarding same rendered by another panel of our Court prior to the entry of summary judgment in the case herein. The part of the decree pertaining to the real estate of Howard and Juanita was neither challenged nor disturbed on appeal. If Howard failed to raise the issue on appeal in that case, it was abandoned and/or waived. *Johnson v. Commonwealth*, 450 S.W.3d 707, 713 (Ky. 2014). If that part of the decree was undisturbed on appeal, it is binding under the principle

of collateral estoppel.[3]

Here, the trial court specifically recognized in its summary judgment that the deed at issue involved the same property that would have constituted real estate subject to division by Howard and Juanita in their divorce proceeding had they had any interest in it at the time their marriage was dissolved. As such, the decree is controlling, and the trial court properly followed the prior determination that Howard had no interest in the property.

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Greenup Circuit Court is AFFIRMED.

ALL CONCUR.

---

[3] Collateral estoppel

> is based upon privity between a party to the original suit and the person who should be bound by the judgment. This privity is in turn founded upon such an identity of interest that the party to the judgment represented the same legal right. The rule is essentially one of justice and fairness and recognizes that a question once litigated should not be relitigated. But the doctrine may not be invoked to deprive a party of an actual opportunity to be heard on a material issue.

*Waddell v. Stevenson*, 683 S.W.2d 955, 959 (Ky. App. 1984) (quoting *State Farm Mut. Auto. Ins. Co. v. Shelton*, 368 S.W.2d 734, 737 (Ky. 1963)).

BRIEF FOR APPELLANT:        BRIEF FOR APPELLEES:

Whitley Hill Bailey         Bruce E. Blackburn
Grayson, Kentucky         Raceland, Kentucky