**Affirm and Dismiss and Opinion filed December 6, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-24-00946-CV
### No. 05-24-01158-CV

### CINCO WEST DEVELOPMENT, LLC, Appellant
### V.
### HIGHLAND HOMES-DALLAS, INC. AND
### BLUE STAR ALLEN LAND, LP, Appellees

**On Appeal from the 471st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 471-01504-2022**

## MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Carlyle
Opinion by Justice Reichek

Cinco West Development, LLC appeals the trial court's order denying its motion to transfer venue.[1] In a related original proceeding, Cinco West challenges the same order by petition for writ of mandamus. Because we conclude Cinco West is bound by the earlier denial of the same motion to transfer brought by its trustee and agent, Covenant Clearinghouse, LLC ("CCH"), we affirm the trial court's order. We dismiss the original proceeding as moot.

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(b) (interlocutory appeal permitted of trial court's venue determination in multi-plaintiff case).

In 2009, a Declaration of Covenant was filed in the real property records of Collin County, Texas. The Declaration purports to encumber certain real property with a 1% private transfer fee that runs with the land for a period of ninety-nine years. The fees were paid to a trustee who acted as a fiduciary to the Declaration's beneficiaries. The trustee then disbursed the money to the beneficiaries after certain deductions were made. Section 11 of the Declaration states,

> To the maximum extent permitted by law, Beneficiaries jointly and severally grant unto Trustee the right to undertake on behalf of Beneficiaries, as agent thereof, any action Trustee deems reasonably necessary or appropriate to prosecute, defend and exercise rights and obligations arising out of or related to this Declaration, including but not limited to, the right to:
> a. collect and disburse sums in connection with this Declaration; [and]
> b. undertake or defend, including retaining others to undertake and defend, legal, arbitration, and administrative proceedings;
> . . .

The current trustee under the Declaration is CCH.

On March 28, 2022, Highland Homes – Dallas, LLC filed this suit in Collin County seeking a declaratory judgment that the private transfer fee imposed by the Declaration was unenforceable and requesting permanent injunctive relief. CCH was named as a defendant in both its corporate capacity and its capacity as trustee under the Declaration. The beneficiaries of the Declaration, including Cinco West, were also named as defendants. Blue Star Allen Land, L.P. intervened as an additional plaintiff.

CCH filed an answer and motion to transfer venue specifically in its capacity as trustee under the Declaration. In the motion to transfer, CCH argued that, pursuant to section 115.002 of the Texas Trust Code, mandatory venue for this suit was in either Travis County or Williamson County. The trial court denied the motion holding "the Defendants waived any right to request a transfer of venue." CCH did not appeal the ruling.

The litigation proceeded for another year with numerous motions and hearings. During that time, the trial court granted partial summary judgments in favor of Highland Homes and Blue Star. The court also issued a temporary injunction and ordered CCH to deposit funds into the court registry.

On March 1, 2024, Cinco West filed a special appearance, answer, plea to the jurisdiction, motion to transfer venue, and counterclaim. It argued it had not been properly served and the court had no jurisdiction to render orders affecting its property rights. In its motion to transfer venue, Cinco West made the same argument previously made by CCH that mandatory venue for this case was in Travis County under section 115.002 of the trust code. Highland Homes responded that the court had already ruled the beneficiaries' interests were being represented by CCH, and Cinco West was bound by all of the trial court's orders, including its previous denial of CCH's motion to transfer venue. Highland Homes additionally argued the Declaration did not create an express trust and was not subject to the trust code's mandatory venue provision.

Following a hearing, the trial court denied Cinco West's plea to the jurisdiction and motion to transfer venue. In ruling on the venue issue, the court stated,

> Either there is no trust, or, even if there was a trust, I don't find that Cinco West is indispensable because there is no apparent conflict between the trustee and the beneficiaries. The trustee zealously advocated the positions advanced by Cinco West, in fact, the same arguments, the motion to transfer venue, and so on.

On appeal, Cinco West contends the trial court erred in denying its motion to transfer venue because the trust code's mandatory venue provision applies to all proceedings involving a trustee and all matters involving a trust. With respect to the trial court's previous ruling that CCH waived the defendants' right to request a venue transfer, Cinco West asserts that CCH's actions are not binding on it because, under section 15.0641 of the Texas Civil Practice and Remedies Code, "any action or omission by one defendant in relation to venue, including a waiver of venue by one defendant, does not operate to impair or diminish the right of any other defendant to properly challenge venue." TEX. CIV. PRAC. & REM. CODE ANN. § 15.0641. Assuming without deciding the Declaration creates a trust that would be subject to the trust code's venue provision, we conclude the trial court's earlier unchallenged ruling that venue was waived is binding on Cinco West.

While it is generally true that both the trustee and the beneficiaries should be made parties in suits involving trust property, this rule does not apply where the terms of the trust grant the power to litigate expressly to the trustee. *Hedley Feedlot,*

–4–

*Inc. v. Weatherly Trust*, 855 S.W.2d 826, 833 (Tex. App.—Amarillo 1993, writ denied). In the absence of a clear conflict of interest, the beneficiaries are not necessary parties. *Armstrong v. Steppes Apartments, Ltd.*, No. 2-97-250-CV, 1998 WL 34202656, at *8 (Tex. App.—Fort Worth Aug. 20, 1998, no pet.) (mem. op., not designated for publication). Here, the beneficiaries expressly authorized CCH to represent them in any litigation involving the Declaration. Cinco West is not, therefore, a separate defendant from CCH as contemplated by section 15.0461 of the civil practice and remedies code. The actions CCH took, and the decisions made by the trial court, are binding on the beneficiaries including Cinco West. *See In re Weekly Homes, L.P.*, 180 S.W.3d 127, 133–34 (Tex. 2005) (suit brought by or against trustee binding on beneficiaries whether they join it or not); *Grimm v. Rizk*, 640 S.W.2d 711, 715 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.).

Cinco West made no argument in its original brief on appeal that it has a conflict of interest with CCH. In its reply brief, Cinco West attempts to identify a conflict, but we do not consider arguments raised for the first time in a reply brief. *Cebcor Serv. Corp. v. Landscape Design & Const., Inc.*, 270 S.W.3d 328, 334 (Tex. App.—Dallas 2008, no pet.). More importantly, this argument was not raised in the trial court. Instead, counsel for Cinco West argued that a conflict of interest was not necessary for a beneficiary to be an indispensable party.

In the eleventh hour Cinco West is simply dissatisfied with the results of the litigation and is seeking to re-try the case in a different court. *See Armstrong*, 1998

WL 34202656, at *8. We resolve Cinco West's sole issue against it and affirm the trial court's order. We dismiss the petition for writ of mandamus as moot. *See Ryan Marine Servs., Inc. v. Hoffman*, 668 S.W.3d 171, 188 (Tex. App.—Houston [1st Dist.] 2023, no pet.).

240946f.p05　　　　　　　　　/Amanda L. Reichek/
241158f.p05　　　　　　　　　AMANDA L. REICHEK
　　　　　　　　　　　　　　　JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CINCO WEST DEVELOPMENT, LLC, Appellant

No. 05-24-00946-CV     V.

HIGHLAND HOMES-DALLAS, INC. AND BLUE STAR ALLEN LAND, LP, Appellees

On Appeal from the 471st Judicial District Court, Collin County, Texas Trial Court Cause No. 471-01504-2022.
Opinion delivered by Justice Reichek. Justices Nowell and Carlyle participating.

In accordance with this Court's opinion of this date, the order of the trial court denying the motion to transfer venue brought by CINCO WEST DEVELOPMENT, LLC is **AFFIRMED**.

It is **ORDERED** that appellees HIGHLAND HOMES-DALLAS, INC. AND BLUE STAR ALLEN LAND, LP recover their costs of this appeal from appellant CINCO WEST DEVELOPMENT, LLC.

Judgment entered this 6th day of December, 2024.