**UNIVERSAL OIL PRODUCTS COM-PANY, Plaintiff,**

v.

**S.C.M. CORPORATION, Defendant.**

**Civ. No. 13535.**

United States District Court,
D. Connecticut.

May 8, 1970.

Lawrence P. Weisman, of Cohen & Wolf, Bridgeport, Conn., for plaintiff.

Ridgeway M. Hall, Jr., of Cummings & Lockwood, Stamford, Conn., for defendant.

TIMBERS, Chief Judge.

In this diversity action brought to recover damages for alleged breach of a contract pursuant to which plaintiff agreed to sell and defendant agreed to buy a catalytic incinerator unit for pollution control, defendant having moved, pursuant to the United States Arbitration Act, 9 U.S.C. § 3 (1964), for a stay of the action pending arbitration pursuant to the agreement of the parties, or, in the alternative, for a transfer of the action to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1404(a) (1964); and

The Court having heard argument by counsel for the respective parties and having received and considered the complaint, the motion, the affidavits and briefs of the respective parties; and

The Court being of the opinion that defendant's motion for a stay of the action pending arbitration should be granted for the reasons that:

(1) After a survey of defendant's Chicago plant made by plaintiff on its own initiative and after some preliminary negotiations, plaintiff submitted to defend-

ant a written proposal dated September 18, 1967 to furnish a catalytic incinerator for the price of $17,150 (later increased to $18,789.20 as the result of inclusion of additional minor items). This proposal was not signed by either party.

(2) Thereafter, under date of March 7, 1968, defendant sent to plaintiff a written purchase order signed by defendant's purchasing agent, referring to plaintiff's proposal of September 18, 1967 and ordering the incinerator subject to the conditions on the reverse side of the purchase order, paragraph 9 of which reads:

> "9. Any controversy or claim arising out of or relating to this contract or the breach thereof shall be settled by arbitration at Cleveland, Ohio, in accordance with the Rules then obtaining of the American Arbitration Association, and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof."

(3) Pursuant to defendant's purchase order of March 7, 1968, plaintiff shipped the incinerator to defendant's Chicago plant where it was installed.

(4) After some difficulties in attempting to get the incinerator to function properly, it finally exploded on November 26, 1968, causing injury to some of defendant's employees and rendering the incinerator useless.

(5) A dispute has arisen between the parties, plaintiff demanding that defendant pay the purchase price of the incinerator and defendant claiming that the incinerator was defective and not properly designed and constructed.

(6) Defendant has demanded arbitration of the controversy in accordance with paragraph 9 of the purchase order of March 7, 1968. Plaintiff has refused to proceed to arbitration and has brought the instant action in this Court to recover the purchase price of the incinerator.

(7) Defendant's purchase order of March 7, 1968, being a counter-offer rather than an acceptance of plaintiff's proposal of September 18, 1967, 1 Corbin On Contracts § 82 (1963 ed.), created in plaintiff a power of acceptance which was exercised by plaintiff's performance in shipping the incinerator pursuant to the terms of the purchase order, 1 Corbin, *supra*, § 70, at 288; see Conn.Gen. Stat. § 42a–2–206(1)(b), thus creating a binding contract. Beech Aircraft Corp. v. Flexible Tubing Corp., 270 F. Supp. 548, 558 (D.Conn.1967).

(8) Since the instant action involves a controversy or claim arising out of or relating to the aforesaid contract as to which the parties have agreed to submit to arbitration, defendant is entitled to an order staying proceedings herein pending arbitration. Kulukundis Shipping Co. v. Amtorg Trading Corp., 126 F.2d 978, 989 (2 Cir. 1942); Shanferoke Coal & Supply Corp. of Delaware v. Westchester Service Corp., 70 F.2d 297 (2 Cir. 1934), aff'd, 293 U.S. 449 (1935); Tepper Realty Co. v. Mosaic Tile Co., 259 F. Supp. 688 (S.D.N.Y.1966); Porto Rico Lighterage Co. v. Marte Cia. Nav. S. A., 119 F.Supp. 366 (S.D.N.Y.1953); Lewittes & Sons v. United Furniture Workers, 95 F.Supp. 851 (S.D.N.Y.1951); see also Metro Industrial Painting Corp. v. Terminal Construction Co., 287 F.2d 382 (2 Cir. 1961), cert. denied, 368 U.S. 817 (1961); Murray Oil Products Co. v. Mitsui & Co., 146 F.2d 381 (2 Cir. 1944).

(9) In view of the Court's grant of defendant's motion for a stay of proceedings herein pending arbitration, it is not necessary to reach defendant's alternative motion for a transfer pursuant to 28 U.S.C. § 1404(a) (1964);

it is therefore

ORDERED that all proceedings herein be, and the same hereby are, stayed pending the conclusion of arbitration pursuant to paragraph 9 of the purchase order of March 7, 1968.