**CHILDERS & VENTERS, INC., Appellant,**

v.

**B. F. SOWARDS, Appellee.**

Court of Appeals of Kentucky.

Dec. 4, 1970.

O. T. Hinton, Hinton, Hall & Todd, Pikeville, for appellant.

Francis Dale Burke, Pikeville, for appellee.

PALMORE, Judge.

The appellant, Childers & Venters, Inc., an automobile dealer, sold a used coal truck to the appellee, B. F. Sowards, for which Sowards executed a $3,060 promissory note due in 120 days and a conditional sales contract calling for the payment of $8,790.30 in 18 monthly installments. Childers & Venters negotiated the note to a local bank and the contract to General Motors Acceptance Corporation, both with recourse. Sowards made no payments on either obligation, the truck was sold by G.M.A.C., and Childers & Venters, after paying off the $3,060 note and a deficiency balance of $3,559.64 to G.M.A.C., brought this suit against Sowards. In his answer and counterclaim Sowards demanded that the

complaint be dismissed and that he be awarded damages of $2,500, all upon the ground that the truck was defective and not as represented by Childers & Venters. The case was submitted to a jury, which returned the following verdict:

"From the evidence that the truck sold to the defendant was not as represented by the plaintiff, to the defendant, B. F. Sowards, at the time of the sale. We wish to relieve both parties of all indebtedness in this case."

Childers & Venters appeals from a judgment dismissing the complaint and counterclaim pursuant to this verdict. Its chief contention is that its motion for a directed verdict at the close of the evidence should have been sustained. We agree.

The evidence leaves no doubt that Sowards got a bad bargain. However, he neither pleaded nor proved fraud on the seller's part, but relies on breach of warranty.

The conditional sales contract is on a printed form which begins as follows:

"The undersigned seller hereby sells, and the undersigned buyer or buyers, jointly and severally, hereby purchase(s), subject to the terms and conditions set forth below and upon the reverse side hereof, the following property * * * *."

The words, "and upon the reverse side hereof," are in darker print than the remainder thus quoted.

The signatures of Childers & Venters as the seller and Sowards as the buyer appear below on the face or front sheet of the agreement. The reverse side of the form is headed by the word "PROVISIONS" in capital letters, followed by 11 numbered paragraphs. These 11 paragraphs are in the same size and color of print as the first line on the face of the contract except for paragraph 8, which is in larger and heavier type. Paragraph 8

appears at about the middle of the page. It provides, in pertinent part, as follows:

"It is mutually understood and agreed that: (a) there is no implied warranty of merchantability, no implied warranty of fitness for particular purpose and no implied warranty which extends beyond the description of said property on the face hereof * * *."

The contract does not contain any express warranty of fitness.

Under KRS 355.2–315 there was an implied warranty of fitness (the seller knew the buyer's purpose was to use the truck for hauling coal) unless excluded under KRS 355.2–316. The latter section provides that "to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous." Sowards takes the position "that exclusionary language can never be conspicuous within the meaning of the Uniform Commercial Code when it is printed on the back of the contract."

According to KRS 355.1–201(10), a "term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. * * * Language in the body of a form is 'conspicuous' if it is in larger or other contrasting type or color."

It was not only because the exclusionary language in Massey-Ferguson, Inc. v. Utley, Ky., 439 S.W.2d 57 (1969), appeared on the back of the form that we held it to be ineffective, but also because it "was in type of the same size and face as were the general contents of the contract."

In their process of arriving at an appropriate definition of the word "conspicuous" we feel sure that the drafters of the Uniform Commercial Code were not unmindful that commercial institutions customarily use both sides of the paper in printing form contracts that cannot be conveniently compressed into one page. It would have been easy to say, if they had so intended, that in order for language in a contract to be "conspicuous" it must ap-

pear on the front sheet or on the same sheet as the signatures. In the absence of such a provision we cannot reasonably construe it so.

Sowards testified that he signed the papers in blank without reading them, trusting entirely to Mr. Venters. His counsel argues that in order for the exclusion to bind Sowards, at least it should have been called to his attention. But we cannot overlook the fundamental purpose of the Uniform Commercial Code to facilitate credit transactions by making commercial documents enforceable according to their stated terms and, therefore, reliable. That purpose cannot be effected if the written word can be modified or avoided by reason of whatever else is thereafter claimed to have been said and done at or before the time of its execution. This also is a fundamental basis of the parol evidence rule. When men contract in writing the law says that the writing is the whole agreement, subject of course to such familiar grounds of relief as fraud and mistake. We perceive no valid theory by which this buyer can be allowed to avoid the conditions of the contract he chose to sign. His contention that Mr. Venters agreed to hold the $3,060 note until he was satisfied with the truck falls under the same principle.

The parol evidence rule is one of substantive law. Johnson v. Johnson, 297 Ky. 268, 178 S.W.2d 983, 986 (1944). It defines the limits of a contract. 30 Am. Jur.2d 154 (Evidence, § 1017). "Where the parties put their engagement in writing all prior negotiations and agreements are merged in the instrument, and each is bound by its terms unless his signature is obtained by fraud or the contract be reformed on the ground of fraud or mutual mistake, or the contract is illegal." Hopkinsville Motor Co. v. Massie, 228 Ky. 569, 15 S.W.2d 423, 424 (1929).

Our attention is called to KRS 446.-060(1), which provides that when the law requires a writing to be signed it shall not be deemed as signed "unless the signa-

ture is subscribed at the end or close of the writing." We do not, however, construe this to abolish the doctrine of incorporation by reference.

It is unnecessary for us to consider the other questions raised by Childers & Venters in support of the appeal. There having been no motion for a judgment n. o. v., we can direct only that relief which was demanded, a new trial in which, if the evidence be substantially the same, a proper motion for directed verdict should be sustained.

The judgment is reversed with directions for a new trial.

All concur.