## Richmond

### HENNO C. LACKS v. BOTTLED GAS CORPORATION OF VIRGINIA.

June 10, 1974.

Record No. 730626.

Present, All the Justices.

*Frank M. Slayton* (*W. Byron Keeling; Vaughan, Slayton & Bennett,* on brief), for plaintiff in error.

*Henry M. Sackett, III* (*Norman K. Moon; Edmunds, Williams, Robertson, Sackett, Baldwin & Graves,* on brief), for defendant in error.

Harman, J., delivered the opinion of the court.

The crucial issue here is the effectiveness of a disclaimer of liability for negligence incorporated in a conditional sales contract.

In February, 1970, Bottled Gas Corporation of Virginia (Bottled Gas), the appellee, filed a motion for judgment against Henno C. Lacks (Lacks), the appellant, to recover the purchase price of a gas-fired tobacco curing barn which Bottled Gas sold to Lacks under a conditional sales contract dated August 14, 1969. Bottled Gas also sought to recover for the gas purchased by Lacks to operate the barn.

Lacks' answer denied any indebtedness to Bottled Gas on the ground that the barn had been inoperative ever since delivery.

Lacks also filed a counterclaim for the value of tobacco lost and destroyed because of the negligent installation of the barn by Bottled Gas.

Appellee filed grounds of defense to the counterclaim and a "special plea of contractual defense to defendant's counterclaim." In each of these pleadings appellee set out the following language from the conditional sales contract:

"Debtor's remedies appearing in the manufacturer's standard warranty, if any, for the Collateral shall be exclusive, <u>and there are no other warranties, express or implied, of merchantability or otherwise, which extend beyond the above description of the property.</u> Without limiting the scope of the foregoing, secured party's obligation specifically excludes any liability for consequential damages, such as loss of profits, delays, expense, damage to goods or property used in connection with, or processed in or by, the product sold, or damage to the product sold from whatever cause, whether or not such loss is due to the negligence of the secured party or the manufacturer of the product sold." (underlining as in original).

After argument on the special plea, the trial court deferred ruling on the contractual defense and directed a trial on the merits.

Prior to trial the parties stipulated that the barn had been repossessed by Bottled Gas and that Lacks was no longer obligated to pay the agreed purchase price. Thus, the only claims remaining at the time of trial were Bottled Gas' claim for gas and Lacks' counterclaim for negligence.

At the conclusion of all the evidence, the court entered summary judgment for Bottled Gas on its claim for gas and submitted Lacks' counterclaim for negligence to the jury. The jury returned a verdict in favor of Lacks and fixed his damages at $6,750.00.

Bottled Gas filed a motion to set aside the verdict and enter final judgment in its favor. This motion was sustained and final judgment was entered in favor of Bottled Gas. We granted Lacks a writ of error.

The trial court based its decision upon Bottled Gas' disclaimer of liability for negligence incorporated in the conditional sales contract. The court concluded that the

disclaimer was not against public policy except in circumstances not present here, that the disclaimer was sufficiently conspicuous to satisfy the Uniform Commercial Code (U.C.C.), and that the disclaimer was therefore effective.

At oral argument counsel for Bottled Gas urged, for the first time, that the U.C.C. has no application to a disclaimer of liability for negligence and that the "conspicuous" requirement applies only to disclaimers of implied warranties of merchantability and fitness. Code § 8.2-316 (2).

■ The case was tried below on the theory that the U.C.C. applied to this transaction and that the disclaimer, to be effective, had to be "conspicuous" as defined in the U.C.C. No objection on this point was raised in the trial court and no cross-error was assigned on appeal.

⌐ Having tried the case on the theory that Code § 8.2-316 (2) controlled the effectiveness of the disclaimer, Bottled Gas may not now challenge the law of the case. *Green* v. *Burkholder*, 208 Va. 768, 771, 160 S.E.2d 765, 767 (1968); *Strauss* v. *Princess Anne Marine*, 209 Va. 217, 221, 163 S.E.2d 198, 202 (1968). This ruling has become final and the question of its correctness is not before us. *Kroger Co.* v. *Young*, 210 Va. 564, 569, 172 S.E.2d 720, 724 (1970).

■ Applying the law of the case, the issue before us resolves itself into a narrow question of whether the disclaimer here meets the statutory definition of "conspicuous." We hold that it does not.

The essential purpose of the requirement of conspicuousness is to protect the buyer from surprise. Code § 8.2-316, Official Comment 1. One method of calling attention to language of disclaimer, when it is in the body of a form, is for the language to be printed in larger or other contrasting type or color. Code § 8.1-201 (10); Code § 8.1-201, Official Comment 10.

Our examination of the contract form shows that the language of disclaimer is in print of the same size, style, and color as that used in most of the other provisions of the contract. It is immersed in the body of the contract.[1] The method of calling attention to a term sanctioned by § 8.1-201 (10) has not been

---

[1] The provision of the form dealing with payment is in large, bold type and the disclaimer of warranty provision, while it is in the same size, style and color of type as the form generally, is underlined.

followed. Nor is any other method used which reasonably calls attention to the disclaimer of liability for negligence. Code § 8.1-201, Official Comment 10. Thus, the language fails of its purpose and is not "conspicuous" within the statutory meaning. *Boeing Airplane Co.* v. *O'Malley,* 329 F.2d 585, 593 (8th Cir. 1964); *Entron, Inc.* v. *General Cablevision of Palatka,* 435 F.2d 995, 1000 (5th Cir. 1970); *Orange Motors of Coral Gables* v. *Dade Co. Dairies,* 258 So. 2d 319, 320 (Dist. Ct. App. Fla. 1972). Therefore, the disclaimer is ineffective. Code § 8.2-316 (2).

Since the disclaimer is ineffective as a matter of law, the trial court erred in setting aside the jury verdict and entering a judgment in favor of Bottled Gas. Therefore, the judgment of the trial court is reversed, the jury verdict is reinstated, and final judgment on the verdict will be entered here for Lacks.[2]

*Reversed and final judgment.*

---

[2] Bottled Gas would have us remand this case to allow it to challenge the jury verdict as excessive. No cross-error was assigned to the trial court's failure to address the excessive damages ground of appellee's motion to set aside the verdict. This question is therefore settled. Rules 5:6, 5:7; *Blue Cross* v. *Commonwealth,* 211 Va. 180, 185, 176 S.E.2d 439, 442 (1970); Burks Pleading and Practice § 419 (4th ed., Koontz, 1952).