**BARTELT AVIATION, INC., Appellant,**

v.

**DRY LAKE COAL COMPANY, INC., Appellee.**

Court of Appeals of Kentucky.

Jan. 11, 1985.

Henry Johnson, Harlan, for appellant.

William R. Forester, Forester, Forester, Buttermore & Turner, P.S.C., Harlan, for appellee.

Before DUNN, HOWERTON and WIL-HOIT, JJ.

HOWERTON, Judge.

Bartelt Aviation appeals from a summary judgment of the Harlan Circuit Court dismissing its action to enforce an arbitration award concerning an airplane sales contract. The court determined that the arbitration provision in Bartelt's contract with Dry Lake Coal Company was unenforceable because it was not conspicuously incorporated by reference in the main body of the contract. We find this conclusion to be erroneous and reverse the judgment.

The retail purchase order or contract document is written on the front and reverse sides of a printed sheet 8½ inches by 11 inches in size. The form is used by Bartelt for the sale of aircraft. The front side contains blank spaces for identifying the purchaser, the aircraft, the price and equipment to be included, and for special conditions. The written portion of the contract is contained in five lines consisting of three sentences. In the last sentence, we read that the contract is "subject to the terms set forth below and the terms, conditions, warranties and limitations of liability printed on the reverse side of this Purchase Order." The printed text is consistent in size and style throughout the five lines. Near the bottom of page 1 is a place for the signatures of the seller and the purchaser. Below that is a line for stating the expected delivery date, and at the bottom of the first page in bold type, we read: "SEE TERMS AND CONDITIONS ON THE REVERSE SIDE HEREOF WHICH CONSTITUTES A PART OF THIS CONTRACT AND WHICH ARE INCORPORATED HEREIN BY REFERENCE."

The reverse side of the contract document is again styled "Retail Purchase Order Terms, Conditions, Warranties, and Limitations of Liability." Item 13 reads:

13. ARBITRATION. Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration in the City of Kalamazoo, Michigan, in accordance with the rules then pertaining of the American Arbitration Association and judgment upon the award rendered may be entered in any court having jurisdiction thereof.

KRS 446.060 provides that "[w]hen a law requires a writing to be signed by a party thereto, it shall not be deemed to be signed unless the signature is subscribed at the end or close of the writing." This statute did not abolish the doctrine of incorporation by reference, however. *Childers & Venters, Inc. v. Sowards*, Ky., 460 S.W.2d 343 (1970). When the signature is in the middle of a writing, it gives no assurance that the contracting parties intend to be bound by matters which do not appear above their signatures; however, when a signature is placed after clear language has expressed the incorporation of other terms and conditions by reference, it is a logical inference that the signer agrees to be bound by everything incorporated. *R.C. Durr Co., Inc. v. Bennett Industries, Inc.*, Ky.App., 590 S.W.2d 338 (1979).

In *Massey-Ferguson, Inc. v. Utley*, Ky., 439 S.W.2d 57 (1969), certain exclusionary language was partially invalidated because it first appeared after the signature and on the back of the form. The other reason it was unenforceable was be-

cause the type was the same size as the general contents of the contract. From all of the foregoing, it is reasonable for us to conclude that the incorporation of terms and conditions by reference must be provided for above a contractor's signature. When that is done, as in this case, we know of no case law or statutes which require that the incorporation language for the arbitration provision be stated in bold type or in any unusual form.

In *Childers & Venters, supra,* the incorporating language was set out in darker print than the remainder of the writing, but there is nothing written in the opinion to indicate that bold incorporating language was necessary to be enforceable. We note, however, that the subject matter in *Childers & Venters* involved a limitation on implied warranties which is required by statute to be in writing and "conspicuous." KRS 355.2–316. Terms and conditions incorporated by reference were also held to be enforceable in *Hertz Commercial Leasing Corp. v. Joseph,* Ky.App., 641 S.W.2d 753 (1982). The incorporating language was printed in larger letters, and it was located above the signature line. *Hertz* relied in part on *Childers & Venters, supra.*

■ The terms and conditions on the reverse side of the retail purchase order do include limited warranties, and to this extent, the identification of these must be "conspicuous." The Uniform Commercial Code, found in KRS 355.1–201(10), defines "conspicuous" as:

A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals ... is conspicuous. Language in the body of a form is "conspicuous" if it is larger or other contrasting type or color. But in a telegram any stated term is "conspicuous." Whether a term or clause is "conspicuous" or not is for decision by the court.

The terms and conditions on the reverse side of the purchase order are "conspicuous" in that the headings for each of the 13 items are in bold type. A question may remain, however, as to whether the incorporation by reference must also be "conspicuous." If so, we must also decide what satisfies the requirement in a given case.

■ Even if we conclude that the incorporating language must be "conspicuous," at least if a limitation of warranty is involved, we would conclude on the basis of the totality of the facts in this case that the incorporation by reference is satisfactorily conspicuous. We note that the definition concludes that the determination of what is conspicuous is for decision by the court. We conclude as a matter of law that the terms and conditions were satisfactorily incorporated by reference.

Here, we have a contract for approximately $120,000. The text on the printed portion which was signed was only five lines long and contained only three sentences. It is inconceivable how anyone who even casually read the contract would fail to conclude that the terms and conditions, which were clearly visible on the reverse side of the single sheet, were part of the contract. Furthermore, at the bottom of the first page is some substantially larger type, which again reminds the parties that the terms and conditions on the reverse side are a part of the agreement. The portion identified as "arbitration" was set out in bold type and was conspicuous in relation to the terms of that portion of the agreement.

We are not confronted with any other issues or possible defenses against the arbitration award or the contract, but on the issue presented, we find the Harlan Circuit Court erroneously dismissed Bartelt's case by summary judgment. The judgment is reversed, and this case is remanded for further proceedings.

All concur.