**HOME LUMBER COMPANY,**
Appellant,

v.

**APPALACHIAN REGIONAL HOSPITALS, INC., McCarthy Brothers Company, and Rentenbach Constructors, Inc.,**
Appellees.

Court of Appeals of Kentucky.

Jan. 30, 1987.

James E. Toombs, Pfeiffer, Thomas & Hunt, Lexington, for appellant.

Doug Holliday and Edison G. Bank, II, Gullett, Combs, Holliday & James, Hazard, David T. Enlow, Murphy, King, Enlow & Dunn, Lexington, for Appalachian Regional Hospitals, Inc. and McCarthy Bros. Co.

Ernest A. Petroff and Robert L. Crossley, Baker, Worthington, Crossley, Stansberry & Woolf, Huntsville, Tenn., Paul R. Collins, Hollon, Hollon & Hollon, Hazard, for Rentenbach Constructors Inc.

Before COMBS, GUDGEL and McDONALD, JJ.

McDONALD, Judge.

Home Lumber Company, plaintiff below, appeals from the Perry Circuit Court order dismissing its complaint and ruling that the parties are to resolve their dispute by arbitration.

Appalachian Regional Hospitals, Inc. (ARH) contracted with McCarthy Brothers Company to serve as construction manager for the construction of the Hazard Regional Medical Center in Hazard, Kentucky. McCarthy contracted with Rentenbach Constructors, Inc. to be the general contractor. The prime contract between McCarthy and Rentenbach was a printed standard-form agreement provided by the American Institute cf Architects. It included a provision requiring the parties to submit all contract disputes to arbitration.

Rentenbach then subcontracted with Home Lumber to supply ready-mix concrete for the building project. ARH prepared a detailed purchase order for the concrete and mailed it to Home Lumber.

Home Lumber began supplying concrete to the project site; however, the appellees, defendants below, alleged that the concrete was of substandard quality and did not meet specifications. It was Home Lumber's position that the testing procedures used to determine the quality were faulty. Rentenbach notified Home Lumber that the remainder of the required concrete would be purchased from another supplier.

On October 1, 1985, Home Lumber initiated suit in the Perry Circuit Court. The appellees filed motions to dismiss on the ground that the prime contract was incorporated by reference into the purchase order and it provided for arbitration of contract disputes. The trial court sustained the motions to dismiss and ordered the parties to resolve their dispute by arbitration as provided by the contract.

A motion to dismiss can be granted only if, on the facts, the moving party is clearly entitled to judgment. *Spencer v. Woods*, Ky., 282 S.W.2d 851 (1955). The facts of this case are not clear from the record; therefore we are vacating the order of the trial court and remanding the case for further findings of fact.

Because we are remanding the case, we will discuss the issues brought to this Court on appeal. Home Lumber first argues that they did not enter into a contract with appellees because the purchase order was not signed by a representative of Home Lumber. However, it was not necessary for Home Lumber to sign the purchase order to constitute an acceptance of the contract under KRS 355.2–206(1)(b). That statute reads as follows:

Offer and acceptance in formation of contract.—(1) Unless otherwise unam-

biguously indicated by the language or circumstances

(b) an order or other offer to buy goods for prompt or current shipment shall be construed as inviting acceptance either by a prompt promise to ship or by the prompt or current shipment of conforming or nonconforming goods, but such a shipment of nonconforming goods does not constitute an acceptance if the seller seasonably notifies the buyer that the shipment is offered only as an accommodation to the buyer.

When Home Lumber shipped the concrete, they accepted the contract without signing it. *See Universal Oil Products Co. v. SCM Corp.*, 313 F.Supp. 905 (D.C.Conn. 1970).

In addition, KRS 355.2–201(2) provides that between merchants, if within a reasonable time a writing in confirmation of an oral contract and sufficient against the sender is received and the receiving party has reason to know of the contents, unless such party objects within ten (10) days after receipt, they cannot assert the statute of frauds defense. Both Home Lumber and Rentenbach are "merchants" of concrete, merchant being defined as a person who deals in goods of the kind or otherwise holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction. KRS 355.2–104(1). The purchase order was sufficient against Rentenbach since it indicated that a contract for a sale of goods was made, it was signed by a representative of Rentenbach and it contained a quantity term. As such, Home Lumber had ten (10) days to object, but instead they shipped the goods. Thus the purchase order evidences a valid contract between Home Lumber and Rentenbach.

Home Lumber also contends that they are not bound to take this dispute to arbitration because the terms of the prime contract were not properly incorporated by reference into the purchase order.

The incorporating language in the purchase order states:

Furnish in conformity with the Contrach (sic) Documents (including Addendums 1 & 2) for HAZARD APPALACHIAN REGIONAL HOSPITAL, Hazard, Kentucky, the following....

The provision is on the first of three pages, in larger type than the printed language on the form.

On the same page, directly above the signature of the Appalachian Regional Hospital representative, is the following statement:

PLEASE ENTER OUR ORDER FOR THE MATERIALS LIST HEREON SUBJECT TO THE TERMS AND CONDITIONS PRINTED AND WRITTEN HEREON, TO WHICH YOU AGREE BY YOUR ACCEPTANCE OF THIS ORDER.

■ Terms and conditions incorporated by reference are enforceable. *Childers & Venters, Inc. v. Sowards*, Ky., 460 S.W.2d 343 (1970); *Hertz Commercial Leasing Corporation v. Joseph*, Ky.App., 641 S.W.2d 753 (1982). Whether or not the prime contract providing for arbitration is incorporated by reference into the purchase order contract is a question of fact. We remand this issue for further findings concerning whether the language, "Furnish in conformity with the contract documents ..." is plain and clear language of incorporation in the construction industry.

In *Bartelt Aviation v. Dry Lake Coal Co.*, Ky.App., 682 S.W.2d 796 (1985), we held that, although the parties' signatures appeared at the bottom of the front page of the contract document, the arbitration clause printed on the back page was incorporated by reference through the provision on the front page which stated that the contract was "subject to the terms set forth below and of the terms, conditions, warranties and limitations of liability printed on the reverse side of this Purchase Order." We observed that there is apparently no case law or statutes which require incorporation language for arbitration provisions to be stated in bold type or unusual form.

The analysis of *Bartelt* and similar case law found in Stipanowich, *Arbitration*, 74 K.L.J. 319 (1985–86), is useful in determining whether incorporation has been effectuated:

Where the reference to the arbitration clause and other terms and conditions is in clear type, and in plain and direct language commits the other party to their acceptance, the arbitration clause becomes an integral part of the agreement. On the other hand, where no mention of the clause, or of terms and conditions generally, is included in the language that precedes the signature, the clause will be held unenforceable. The usual test is whether a reasonable person would have been aware of the clause under the circumstances, not whether the person signing the contract was actually and subjectively aware of the arbitration clause's presence. *Id.* at 336.

The order is vacated and the case is remanded for further proceedings consistent with this opinion.

COMBS, J., concurs.

GUDGEL, J., dissents.