## CIRCUIT COURT OF FAIRFAX COUNTY

John B. Brown

v.

Range Rover
of North America, Inc.,
and H.B.L., Inc.

November 16, 1993

Case No. (Law) 122359

BY JUDGE ROSEMARIE ANNUNZIATA

Defendant H.B.L., Inc.'s Plea in Bar is before the Court and arises in the context of the following relevant facts. The Plaintiff in this case, John B. Brown, purchased a new 1989 Range Rover from H.B.L., an authorized Range Rover dealer which performs warranty work on new Rover vehicles. On the back of the sales contract signed by the Plaintiff, the following disclaimer is printed in capital letters:

DEALER HEREBY EXPRESSLY DISCLAIMS ALL WARRANTIES, EITHER EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

In its Motion for Judgment against both the manufacturer and H.B.L., the Plaintiff seeks recovery for breach of implied warranty of merchantability (Count III), violation of the Magnuson-Moss Warranty Act for breach of implied warranty of merchantability (Count IV), breach of implied warranty of fitness for a particular purpose (Count V), and violation of the Magnuson-Moss Warranty Act for breach of implied warranty of fitness for a particular purpose (Count VI).

In its Plea in Bar to the Motion for Judgment, H.B.L. asserts that the Plaintiff has no basis for claiming a breach of implied warranty of merchantability, nor breach of fitness for a particular purpose, because these warranties are expressly disclaimed in the sales contract. By

extension, H.B.L. argues that the Plaintiff has no basis for his claims under the Magnuson-Moss Warranty Act because the Act applies only to breaches of implied warranties.

The Plaintiff responds that the disclaimer in the contract is ineffective because it does not meet the standard of "conspicuousness" set forth in the Uniform Commercial Code, as adopted in Virginia. The definition of "conspicuous" is found in § 8.2–316(2) of the Code of Virginia. It states that:

> [A] term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it . . . . [L]anguage in the body of a form is "conspicuous" if it is in larger or other contrasting type or color.

Whether a provision is conspicuous is a question of law for the court. Va. Code § 8.1–201(10); *Lacks v. Bottled Gas Corp.*, 215 Va. 94, 96 (1974). Among the factors courts have considered in determining whether such disclaimers are conspicuous are: (1) the presence or absence of methods used to organize the text which may highlight or obscure the presence of the disclaimer, including its placement in the text, *Lacks*, *supra*; (2) the relative size of the type used to print the disclaimer, *Armco Inc. v. New Horizon Development Co. of Virginia, Inc.*, 229 Va. 561, 565–66 (1985); *King Industries, Inc. v. Worlco Data Systems, Inc.*, 736 F. Supp. 114, 116 (E.D. Va. 1974); and (3) the color and style of type, *Investors Premium Corp. v. Burroughs Corp.*, 389 F. Supp. 39 (D. S.C. 1974); *Childers & Venters, Inc. v. Sowards* 460 S.W.2d 343 (Ky. 1970); *Beal v. General Motors Corp.*, 12 U.C.C. Rep. Serv. (Callaghan) 78 (D. Del. 1972).

In this case, the disclaimer appears near the bottom of the reverse side of the form. While placement on the reverse side is a factor to be considered in determining conspicuousness, it is not dispositive. *See Matthews v. Ford Motor Co.*, 479 F.2d 399 (4th Cir. 1973); William H. Danne, Jr., Annotation, "Construction and Effect Of UCC § 2–316(2) Providing That Implied Warranty Disclaimer Must Be 'Conspicuous'," 73 A.L.R. 3d 248, 294 (§ 12[b] and cases cited therein).

In particular, where there is a provision on the front side which clearly alerts the reader that there are binding contract terms printed on the reverse as well, the majority of courts appear to have found the disclaimers printed on the reverse to be conspicuous when other elements of conspicuousness are also present. *See* 73 A.L.R. 3d at 294.

For example, the court in *Architectural Aluminum Corp. v. Macarr, Inc.*, 333 N.Y.S. 2d 818 (1972), found that a disclaimer printed in boldface type, distinguishable from the uniform printing found in other provisions of the contract, was conspicuous although printed on the reverse side of the form where a statement at the bottom of the front side of the agreement indicated that it was subject to the terms and conditions on the back. *See also, Childers & Venters, Inc.*, 460 S.W.2d 343; *Hunter v. Texas Instruments, Inc.*, 798 F.2d 299 (8th Cir. 1986); *American Computer v. Jack Farrell Implement*, 763 F. Supp. 1473, 1488 (D. Minn. 1991); *compare Moscatiello v. Pittsburgh Contr. Equip. Co.*, 595 A.2d 1190, 1193–4 (1991).

Here, just above the line provided for the buyer's signature, appears the statement in capital letters and in red ink:

THE FRONT AND BACK OF THIS ORDER COMPRISE THE ENTIRE AGREEMENT AFFECTING THIS PUR-CHASE.

The disclaimer itself is located in two separate, indented paragraphs near the bottom of the reverse page and is printed in larger, contrasting and italicized type. The notice to the buyer on the front side of the document, alerting him to additional terms and conditions affecting the sale on the reverse side, together with the size, style and color of the type used to print the disclaimer, as well as the location of the disclaimer in the text, make the disclaimer readily distinguishable. These characteristics are sufficient to make the disclaimer conspicuous, consistent with the requirements of Va. Code § 8.2–316(2).

Accordingly, the Defendant H.B.L.'s Plea in Bar is granted.