Rockingham
No. 95-069

DANA COMMERCIAL CREDIT CORP.

v.

HANSCOM'S TRUCK STOP, INC.

June 11, 1996

*Shaines & McEachern, P.A.*, of Portsmouth (*Paul McEachern* on the brief and orally), for the plaintiff.

*Daniel C. Proctor*, of Concord, by brief and orally, for the defendant.

HORTON, J. The defendant, Hanscom's Truck Stop, Inc., appeals the order of the Superior Court (*Gray*, J.) granting summary judgment for the plaintiff, Dana Commercial Credit Corp. We affirm.

The plaintiff sued the defendant for breach of a written computer equipment lease. The defendant responded by claiming that the plaintiff had breached an implied warranty of fitness. *See* RSA 382-A:2A-213 (1994). The plaintiff moved for summary judgment, arguing that under the terms of the contract the defendant waived all warranties. The superior court agreed and granted the plaintiff's motion. The defendant moved for reconsideration, arguing that the waiver was invalid because the warranty disclaimer in the lease agreement was not conspicuous. *See* RSA 382-A:2A-214(2). The superior court denied the defendant's motion. The defendant appeals.

We grant less than the usual deference to the trial court's decision because the case below was submitted on the record. The trial judge never had an opportunity to scrutinize the demeanor and credibility of any witness and, therefore, was not privy to any special information, observation, or insight not available to this court. *See Hillside Assocs. of Hollis v. Maine Bonding & Cas. Co.*, 135 N.H. 325, 330, 605 A.2d 1026, 1029 (1992).

The superior court and the parties have assumed that RSA 382-A:2A governs the disclaimer at issue. New Hampshire's version of Article 2A of the Uniform Commercial Code, however, was not enacted until after the parties entered into their agreement. *See* RSA 382-A:2A-101; Laws 1993, 345:1. Prior to enactment of RSA 382-A:2A, this court held that warranties related to equipment leases were governed by the warranty provisions of Article 2 of the Uniform Commercial Code, RSA 382-A:2. *Xerox Corp. v. Hawkes*, 124 N.H. 610, 615–16, 475 A.2d 7, 9 (1984). Thus, the applicable statute provided that "to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous." RSA 382-A:2-316(2) (1994). The statute also provided that "implied

warranties may be excluded by expressions like 'as is,' 'with all faults' or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty." RSA 382-A:2-316(3)(a) (1994). The statutory provisions relied on by the superior court contain this same language. *See* RSA 382-A:2A-214(2), (3)(a) (1994). Moreover, the statutory definition of "conspicuous" did not change with the enactment of RSA 382-A:2A. *See* RSA 382-A:1-201(10) (1994). The court's error, therefore, was harmless.

We turn to the sole issue before us, which the plaintiff describes as one of "conspicuosity." The term "conspicuous" is defined by statute.

> "Conspicuous": A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals (as: NON-NEGOTIABLE BILL OF LADING) is conspicuous. Language in the body of a form is "conspicuous" if it is in larger or other contrasting type or color. But in a telegram any stated term is "conspicuous". Whether a term or clause is "conspicuous" or not is for decision by the court.

RSA 382-A:1-201(10). The disclaimer at issue is contained in paragraph three on the front of the lease agreement. It provides as follows: "LESSEE'S WAIVER OF DAMAGES AND WARRANTIES FROM LESSOR. a) Lessee leases the Equipment from Lessor 'AS IS'. LESSOR MAKES ABSOLUTELY NO WARRANTIES, EXPRESSED OR IMPLIED, INCLUDING ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE . . . ." Under the statutory definition, the disclaimer is conspicuous; the heading is printed in capitals, and the disclaimer itself, from the words "AS IS" to the word "PURPOSE," is in capitals and bold-faced type.

The defendant argues that the absolute and relative size of the disclaimer is too small to be conspicuous. We disagree. In support of its argument, the defendant relies on the official comments to the Uniform Commercial Code which provide that the test for whether a term is conspicuous "is whether attention can reasonably be expected to be called to it." RSA 382-A:1-201 comment 10 (1961). We note that in the context of paragraph three of the contract, a reader's eyes would likely be drawn to the disclaimer. In addition, even though the disclaimer is the same point

size as the rest of the contract, it would appear to a reader to be larger than the other type.

The defendant would have us compare the disclaimer's point size with that of print appearing in a volume of New Hampshire Reports, *see Xerox Corp.*, 124 N.H. at 614–15, 475 A.2d at 8–9, as well as with statutorily mandated minimum point size requirements in contexts unrelated to this case. *See* RSA 358-E:4 (1995) ("Distributorship Disclosure Act"); RSA 358-I:3, II, IV (1995) ("Health Clubs"); RSA 358-J:3, II, III (1995) ("Buying Clubs"). We decline to make such comparisons. "Fine print of itself . . . does not render a disclaimer inconspicuous." *Clements Farms, Inc. v. Ben Fish & Son*, 814 P.2d 917, 921 (Idaho 1991). We think it more reasonable to compare the disclaimer to the rest of the contract to determine if attention is drawn to the disclaimer. *See J & W Equipment, Inc. v. Weingartner*, 618 P.2d 862, 866 (Kan. Ct. App. 1980); *cf. Bartelt Aviation v. Dry Lake Coal Co.*, 682 S.W.2d 796, 798 (Ky. Ct. App. 1985). In this case the disclaimer appears on the front of the contract in bold-faced capitalized type. Though similar attention-calling language appears in other sections of the contract, the disclaimer is easily located and read, and we therefore hold that it is conspicuous.

*Affirmed.*

All concurred.