## CIRCUIT COURT OF ROANOKE COUNTY

James Morris
and Joyce Morris

v.

Winnebago Industries, Inc.,
and Snyder's R.V., Inc.

July 18, 2006

Case No. CL06-93

BY JUDGE ROBERT P. DOHERTY, JR.

In this "Lemon Law" case, the Plaintiffs sued the Manufacturer and the Dealer for breaches of various express and implied warranties and sued the Dealer alone for revocation of acceptance of the recreational vehicle they had purchased. A Motion to Profert and Crave Oyer was granted, and all documents mentioned in Plaintiff's complaint were filed and became part of their pleadings. Dealer now demurs, claiming that, even after the oyer was granted, no written express warranty from the dealer has been found; that the terms of the alleged oral express warranty have not been pleaded; that the dealer made a written disclaimer of all warranties at the time of the sale; and that, as a matter of law, Plaintiffs cannot revoke acceptance.

*Express Warranties*

Paragraph 5 of the complaint makes an allegation of "written warranties and other express and implied warranties" made from the Dealer to the Plaintiffs. Reading the complaint in the light most favorable to the Plaintiffs, the Court finds that no express written warranty from the Dealer to the

Plaintiffs was filed after oyer was granted, and therefore none exists. Dealer's demurrer on a written express warranty is granted. The Court also finds that the vague allegation of "other express . . . warranties" is not sufficient to properly advise the Dealer of the claim against him. *Cox v. Hagen*, 125 Va. 656, 670 (1919). Accordingly, the demurrer to that point is granted. The Plaintiffs shall have twenty-one days from the date of this letter opinion to amend their complaint to more specifically advise the Dealer of what express warranties, other than written, exist from the Dealer to the Plaintiffs and what violation is claimed to such express warranties.

## Disclaimer of Warranties

Dealer argues that it has disclaimed all warranties by specific and conspicuous language contained in the purchase order/contract that was signed by Plaintiffs. The Court finds that not to be correct. The purchase order/contract contains an ambiguity regarding warranties. On the front of the document there is a statement in bold print, designed to be dated and signed, probably by the purchaser, that the vehicle is being sold "as is" and without any dealer warranty. That statement was neither signed nor dated, giving rise to the realistic assumption that the dealer was making some sort of warranty. There is language contrary to that assumption on the back of the document, in paragraph 6, disclaiming any dealer warranties. Such an anomaly requires the presentation of evidence and a determination by the Court as to the intent of the contracting parties. See *Fun v. Virginia Military Inst.*, 245 Va. 249, 252-53 (1993). That is not something that can be done in this case by demurrer.

Some of the words used in the disclaimer paragraph on the back of the document are in small letters and some are in capital letters. None of the print in that disclaimer paragraph is conspicuous, as contemplated by § 8.1-201(10), Code of Virginia (1950), as amended, and as required to disclaim a warranty by § 8.1-316(2), Code of Virginia (1950), as amended. Section 8.1-201(10) defines the term conspicuous, and declares that "[l]anguage in the body of a form is 'conspicuous' if it is in larger or other contrasting type or color." In this case, the language of paragraph 6 is not larger than the majority of the letters used in two other paragraphs on the back of the purchase order/contract, nor is it larger than the heading used at the top of the back of that page. It is not printed in a different color. It does not use a different or contrasting type style. "The method of calling attention to a term sanctioned by § 8.1-201(10) has not been followed. Nor is any other method used which reasonable calls attention to the disclaimer. . . ." *Lacks v. Bottled Gas Corp. of Va.*, 215 Va. 94, 96 (1974). The demurrer based on a written disclaimer is overruled.

*Revocation of Acceptance*

The demurrer based upon Plaintiff's request to revoke its acceptance of the recreational vehicle is also overruled. In order to determine that Plaintiffs should not be able to revoke their acceptance of their purchase contract, the Court would have to hear evidence and make factual findings outside of those alleged in the pleading. That cannot be done by demurrer.

Counsel for Defendant Dealer should prepare an appropriate order, sustaining the demurrer in part and overruling the demurrer in part.