RENDERED: AUGUST 30, 2024; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1458-MR

AUTO VENTURE ACCEPTANCE,
LLC                                                                                      APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.        HONORABLE MITCHELL PERRY, JUDGE
ACTION NO. 21-CI-002692


JEROME C. BLAIR, JR. AND
SERVICE FINANCIAL COMPANY                                          APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, KAREM, AND LAMBERT, JUDGES.

ACREE, JUDGE: Appellant, Auto Venture Acceptance, LLC (AVA) appeals the

Jefferson Circuit Court's order denying its motion to compel Appellee, Jerome

Blair, to arbitrate his claim against it. We affirm.

## BACKGROUND

Auto Smart II, LLC (Auto Smart) agreed to sell Blair a 2008 Land

Rover. Blair financed $12,096 of the purchase price. The parties' rights and

obligations regarding payment, financing, security interest, remedies, and other conditions of the sale were memorialized in two writings respectively entitled "Retail Installment Contract and Security Agreement" (hereinafter, Installment Contract) and "Arbitration Agreement." Auto Smart and Blair signed both on October 1, 2016. Together, these documents constitute the parties' agreement.

The agreement said Blair would be in default should he fail to make timely installment payments. Auto Smart's right to remedies on default included: (1) demanding immediate payment of the balance of all sums due; (2) repossession of the vehicle by legal process or self-help in a way that does not breach the peace and subsequently selling the vehicle to cover the contractual obligations; and (3) the right to "sue [Blair] for additional amounts if the proceeds of a sale do not pay all of the amounts [owed]." (Record (R.) 3-4.)

The Arbitration Agreement provided that any dispute arising between Auto Smart and Blair was to be resolved through "binding arbitration and not in court." (R. 93.) It explicitly states: "Both parties agree that if either has a claim of any nature against the other party, they shall first attempt a mediation or negotiation with the other party. In the event this is not successful, then the claimants . . . MUST demand arbitration as a soul [sic] means of resolution." (R. 93.)

As part of the Installment Contract itself, Auto Smart instantly assigned all its rights to AVA. AVA was then entitled to exercise the rights Auto Smart negotiated with Blair. Several months thereafter, Blair defaulted. Pursuant to the remedies provision, AVA repossessed the vehicle and sold it for $2,875, leaving a balance due exceeding $9,000.

AVA then assigned the Installment Contract and its attendant rights to Service Financial Company (SFC), including the right to collect the balance due. That assignment states in its entirety: "This contract [the Installment Contract] is assigned without recourse from [AVA] to [SFC]." (R. 97.) It is signed by an authorized agent and dated March 10, 2021.

SFC initiated this lawsuit on May 11, 2021, seeking a judgment for the remainder of Blair's unpaid loan. Blair counterclaimed against SFC and filed a third-party complaint against AVA. After answering the third-party complaint and thereby subjecting itself to the jurisdiction of the Jefferson Circuit Court, AVA claimed a right to arbitrate the third-party complaint.

AVA moved the circuit court for an order to compel arbitration. The circuit court denied this motion, reasoning that because AVA assigned its rights in the Installment Contract to SFC, AVA divested itself of all rights under the Installment Contract and also the Arbitration Agreement because the right to arbitrate was incorporated into the Installment Contract.

This appeal follows.

## STANDARD OF REVIEW

While interlocutory orders are generally not appealable, an appeal from an order denying a motion to compel arbitration is proper pursuant to Kentucky Revised Statute (KRS) 417.220(1)(a). In such a matter, "we defer to the trial court's factual findings, upsetting them only if clearly erroneous or if unsupported by substantial evidence, but we review without deference [*i.e.*, *de novo*] the trial court's identification and application of legal principles[.]" *Conseco Fin. Servicing Corp. v. Wilder*, 47 S.W.3d 335, 340 (Ky. App. 2001).

## ANALYSIS

This case is not governed by the specifics of arbitration law. It is governed by contract law and, specifically, the law of assignments.

"'An assignment is made when the assignor intends to assign a present right, identifies the subject matter assigned, and divests itself of control over the subject matter assigned.' 6 AM.JUR.2D *Assignments* § 82 (2010)." *Davis v. Scott*, 320 S.W.3d 87, 90-91 (Ky. 2010). It is unrefuted that AVA intended to assign to SFC the rights it acquired when Auto Smart assigned the Installment Contract to AVA. The question becomes: what did the parties to the assignments identify as their subject matter? To answer the question, we follow the right to compel arbitration from the beginning.

-4-

Blair signed the Installment Contract on October 1, 2016. That document did not include the right to compel arbitration. It made no reference to arbitration. To the contrary, it refers to Auto Smart's right to use "legal process" and obligates Blair to pay "court costs" and even says "we may sue you . . . ." (R. 3-4.) If Auto Smart had had cause to pursue remedies against Blair under the Installment Contract alone, it could not have compelled Blair to arbitrate.

But then, there is the Arbitration Agreement. Blair and Auto Smart executed that document as part of and contemporaneously with the Installment Contract for which it serves as an addendum. *Addendum*, BLACK'S LAW DICTIONARY (12th ed. 2024) ("Something to be added, usu. to a document; esp., a supplement to a . . . contract, or other document to alter its contents or give more information."). It is unrefuted that the Arbitration Agreement vested the right in Auto Smart to compel arbitration. The next question is: was that a separate, stand-alone agreement expressing the mutual obligation of Auto Smart and Blair to forever resolve their differences by arbitrating? Or was the right to compel arbitration incorporated as part of the subject matter of the Installment Contract?

"Whether or not the prime contract providing for arbitration is incorporated by reference into the [installment sale] contract is a question of fact." *Home Lumber Co. v. Appalachian Regional Hosps., Inc.*, 722 S.W.2d 912, 914 (Ky. App. 1987). If that question of fact can be determined by the undisputed

language on the face of the parties' agreement, a court can determine incorporation as a matter of law.  Here, the Arbitration Agreement says:  "This Arbitration Agreement is incorporated into and becomes a part of any retail installment contract or other credit obligation that I [Blair] enter into with Seller [Auto Smart] on the date shown above [October 1, 2016]."  (R. 93.)  The Installment Contract is the only documentation of an obligation that fits that bill.

Applying the doctrine of incorporation by reference to the undisputed terms of the parties' agreements, we conclude the right to compel arbitration became a part of the subject matter of the Installment Contract upon its execution.  *University of Ky. v. Regard*, 670 S.W.3d 903, 913-14 (Ky. 2023).  If it had not, the assignment by Auto Smart to AVA on page three of the Installment Contract would have vested nothing in AVA beyond the rights shown within the four corners of the Installment Contract.

Because Auto Smart did assign AVA the subject matter of the Installment Contract, including the incorporated right to compel arbitration, those rights were AVA's to exercise – for a time.  Blair was not in default when AVA was first assigned rights under the Installment Contract.  When Blair did default, AVA certainly could have compelled Blair to arbitrate.  But there was no need.  Other rights were at the ready.  AVA chose to repossess the vehicle that served as its security (another part of the subject matter assigned by Auto Smart) and to

declare a balance due. AVA could have pursued collection of that balance due by compelling arbitration at that time but chose a different course. It chose instead to assign all its rights under the Installment Contract to SFC.

The assignment from AVA to SFC is memorialized by what is obviously the imprint of a rubber stamp on the Installment Contract itself. (R. 22.) It is logical to assume such a stamp would not have been specially made for this single transaction. Though not relevant in itself, it suggests a certain routine in AVA's assignments of contract rights to SFC as part of a business model. Because the assignment identified the subject matter of the assignment as "This contract" (the Installment Contract) upon which the stamp was imprinted, SFC enjoyed all rights attendant to *that* contract with Blair originally executed by Auto Smart, including those incorporated by reference from the Arbitration Agreement appended to the Installment Contract.

When a record such as this one demonstrates an assignor's intent to assign a present right and identifies the subject matter, the assignor "divests itself of control over the subject matter assigned." *Davis*, 320 S.W.3d at 90 (citation omitted). When AVA assigned the Installment Contract to SFC, it divested itself of the right to compel Blair to arbitrate any dispute between them just as surely as it divested itself of the right to collect the balance due on the Installment Contract.

AVA takes exception to our applying the doctrine of incorporation by reference. It says the Installment Contract and Arbitration Agreement are separate and independent contracts. For the sake of discussion only, presume we agreed. AVA still would not prevail. Auto Smart and Blair are the only parties to the Arbitration Agreement. AVA was not a party and cannot claim any direct right the Arbitration Agreement creates. There is no separate assignment of the Arbitration Agreement from Auto Smart to AVA. In fact, but for the incorporation by reference, AVA *never* would have had the right to compel arbitration and that right would have remained one exercisable by Auto Smart alone.

AVA cites the Arbitration Agreement's term that it shall "survive any termination, payoff or transfer" of the Installment Contract. (R. 93.) We interpret this as indicating the obligation to arbitrate would never go away, not that it could be both retained by the assignor *and* transferred to an assignee. Absent agreement, the law does not countenance such a propagation of a party's contract obligation.

We are confident in our holding that the assignment by AVA to SFC divested AVA of any right to compel Blair to arbitrate the third-party complaint he asserts. The subject matter of the assignment by AVA to SFC is embraced by the Installment Contract and the Arbitration Agreement it incorporates. Without contraindication, the record demonstrates AVA's intent to transfer all the rights included in that subject matter, without exception, by virtue of assignment to SFC.

The effect is the assignor's (AVA's) relinquishment of any right to compel performance by the Installment Contract obligor (Blair) to arbitrate disputes. The assignment extinguished that right in AVA because, necessarily, "the assignee acquires a right to such performance." RESTATEMENT (SECOND) OF CONTRACTS § 317 (Am. L. Inst. 1981). If such right were not extinguished in the assignor and yet lit in the assignee, there would be a compounding of the number of obliges – an obligation the parties neither negotiated nor agreed to.

## CONCLUSION

For the foregoing reasons, the Jefferson Circuit Court's order denying AVA's motion to compel arbitration is AFFIRMED.


ALL CONCUR.


BRIEFS FOR APPELLANT:

James M. Burd
Edward M. O'Brien
W. Douglas Kemper
John H. Dwyer, Jr.
Louisville, Kentucky

BRIEF FOR APPELLEE JEROME BLAIR, JR.:

Brett H. Oppenheimer
Louisville, Kentucky